(No. 47846.–

ECONO LEASE, INC. v. JAMES D. NOFFSINGER, Appellee.—(Farmers Insurance Group, a/k/a Mid-Century Insurance Company, Appellant.)

*Opinion filed May 28, 1976.*

Paulson & Ketchum, of Chicago (James P. Whitney, of counsel), for appellant.

Peterson, Ross, Rall, Barber & Seidel, of Chicago (Robert S. Milnikel and Ellen J. Kerschner, of counsel), for appellee.

MR. JUSTICE CREBS delivered the opinion of the court:

The circuit court of Cook County granted a motion for summary judgment in favor of James D. Noffsinger, the defendant—third-party plaintiff—appellee, and against Mid-Century Insurance Co. (Mid-Century), the third-party defendant—appellant. Mid-Century appealed, and the appellate court affirmed with one justice dissenting. (*Econo Lease, Inc. v. Noffsinger,* 30 Ill. App. 3d 339.) We have granted Mid-Century's petition for leave to appeal to this court.

The pleadings and depositions filed in this case reveal that Noffsinger was issued an automobile insurance policy by Mid-Century which provided for coverage from March 13, 1968, to September 13, 1968, and was renewable for terms of six months. The policy was renewed, with coverage to expire on October 18, 1969. Noffsinger received notice sometime prior to that date that his insurance premium was due. He testified in his deposition that he went to the offices of his insurance agent in Omaha, Nebraska, and offered to pay the premium. He explained to someone in the office that he had been transferred by his employer from Chicago to Omaha and was then informed that he should wait until he received another premium notice because the premium would change due to his transfer.

Mid-Century sent a notice on October 29, 1969, to Noffsinger, informing him that his policy was in a grace period and could lapse if payment were not made. Noffsinger testified at his deposition that he received that notice on about November 1, 1969, and that he then sent a check to Mid-Century for payment of his premium. Mid-Century denied that Noffsinger had ever made payment, however, and tendered bank records as proof that the premium had never been paid.

On November 15, 1969, Noffsinger picked up a rented 1970 Buick automobile in Milwaukee from Econo Lease, Inc. (hereinafter referred to as Econo Lease). Noffsinger had signed an agreement with Econo Lease on September 19, 1969, whereby he leased the automobile for a 24-month period. After driving the leased car for two days, Noffsinger had an accident on November 17, 1969, causing damage to the automobile. On about November 19, 1969, Mid-Century sent another notice to Noffsinger stating that the policy had lapsed as of October 18, 1969, but that Noffsinger could reinstate the policy if he paid his premium within 60 days.

Econo Lease subsequently filed a suit for damages against Noffsinger. Noffsinger in turn filed a third-party complaint against Mid-Century, alleging that his insurance policy with Mid-Century covered the loss suffered by Econo Lease. Mid-Century filed an answer in which it denied liability on the ground that the policy in question was not in effect at the time of the accident. Mid-Century then filed a motion for summary judgment, alleging that it was entitled to a judgment as a matter of law because Noffsinger was not insured at the time of the accident. Noffsinger filed a countermotion for summary judgment asserting that, even if he had not paid his insurance premium, the policy was in effect *ex gratia* at the time of the accident. The insurance company then filed an amended motion for summary judgment, again alleging that Noffsinger's policy had lapsed due to nonpayment of

premium, and further contending that the policy of insurance issued to Noffsinger provided coverage for a 1967 Volkswagen and did not extend coverage to the car leased by Noffsinger. The trial court granted Noffsinger's motion for summary judgment, denied Mid-Century's amended motion for summary judgment, ordered Mid-Century to defend against the action brought by Econo Lease, and directed Mid-Century to pay to Noffsinger's attorneys all reasonable charges incurred in his defense.

Mid-Century alleges in this appeal that the trial court erred in two respects. It is first argued that the court erred in finding that Noffsinger's insurance policy was in effect *ex gratia* at the time of the accident. It is also alleged that the court erred in holding that coverage under the policy extended to the leased automobile.

A motion for summary judgment will be granted if the pleadings, depositions, admissions and affidavits on file reveal that there is no genuine issue as to any material fact and that the movant is entitled to a judgment or decree as a matter of law. (Ill. Rev. Stat. 1975, ch. 110, par. 57(3); *Carruthers v. B. C. Christopher & Co.,* 57 Ill.2d 376.) A reviewing court must reverse an order granting summary judgment if it is determined that a material question of fact does exist.

The first question for us to decide is whether the insurance policy provided coverage to Noffsinger's leased automobile. The policy extended coverage to Noffsinger's 1967 Volkswagen and provided for property liability insurance as follows:

> "(B) damage to property;
> arising out of the ownership, maintenance or use of the described automobile or a non-owned automobile and to defend at its expense any suit against the insured for such damages; but the Company may make such settlement of any claim or suit as it deems advisable."

The policy contains the following definition of "non-owned automobile":

> "Non-Owned Automobile means an automobile not

owned by or regularly or frequently used by the named insured or any resident of the same household, other than a substitute automobile."

The parties are in agreement that the automobile leased by Noffsinger was not the "described automobile" and was not owned by Noffsinger. The parties also seem to agree that the crucial question is whether the leased automobile was "regularly or frequently" used by Noffsinger.

The trial court and the appellate court each held that the leased automobile was a "non-owned automobile" within the meaning of the insurance policy. The appellate court seemingly reached this decision because Noffsinger had driven the leased automobile for only two days prior to the accident. The trial court relied on that fact as well as the fact that the automobile lease agreement signed by Noffsinger included a clause allowing cancellation of the lease. We find that the courts erred in holding that the leased automobile was not being regularly or frequently used by Noffsinger.

The lease agreement signed by Noffsinger on September 19, 1969, provided that the lease was for a 24-month period. The agreement did state that either the lessor or the lessee could cancel the lease, but they could do so only under certain conditions. The terms of the lease clearly suggest that the parties intended the automobile to be leased for a period of two years. It is also significant that Noffsinger acknowledged in a deposition that the leased automobile was for his sole and exclusive use. These facts show that Noffsinger was going to regularly and frequently use the automobile. Since it was Noffsinger's intention to regularly or frequently use the automobile, we find it insignificant that he had driven the car for only two days prior to the accident.

Having found that the leased automobile was not covered by the policy, it is unnecessary to consider whether or not the policy remained in effect.

The judgments of the appellate court and of the trial

court are reversed, and the cause is remanded to the trial court with directions to enter judgment for Mid-Century on its amended motion for summary judgment.

*Reversed and remanded, with directions.*