(No. 49365.-

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v. VIRGINIA DIFFERDING *et al.,* Appellees.

*Opinion filed November 30, 1977.*

John T. Kennedy, Victor J. Piekarski, and John F. Skeffington, of Querry, Harrow, Gulanick & Kennedy, of Chicago, for appellant.

Burton I. Weinstein, of Boehm and Weinstein, of Chicago, for appellee Eugene Panici.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, State Farm Mutual Automobile Insurance Company, filed this action in the circuit court of Cook County seeking a declaratory judgment that it was under no duty to defend defendant Virginia Differding in any action for personal injuries brought by defendant Eugene Panici. The circuit court found that plaintiff provided no coverage for the automobile driven by defendant Differding at the time of the occurrence out of which defendant Panici's injuries arose, and entered judgment in favor of plaintiff. Defendant Panici appealed, the appellate court reversed and remanded (46 Ill. App. 3d 15), and we allowed plaintiff's petition for leave to appeal.

In 1972, Miss Differding was attending Northern Illinois University, but maintained a permanent residence with her parents in Park Forest. That summer, intending to attend summer school, she sublet an apartment in De Kalb from Yip Lieng, a professor at Northern. The period of the subtenancy was to run from June 1, 1972, until the end of the summer school term in the first week in August. As part of the agreement to sublet, it was understood that Miss Differding and her roommate, Joan Luzbetak, would take care of certain items of personal property which Mr. Lieng left in the apartment. Since Mr. Lieng was going to be in Vietnam for the summer, he requested Miss Differding to maintain his automobile to prevent its deterioration. He specifically limited her usage of the automobile in two respects: (1) it was to be used only in the De Kalb area; and (2) it was only to be used for the summer. Since her roommate did not have a driver's license, Miss Differding was primarily entrusted with the auto. She had the only keys, and from June to August only she drove the car.

Miss Differding found part-time employment in De Kalb and stayed on in the apartment beyond the end of the summer school term. She and her roommate paid no rent for the additional period of their occupancy of the

apartment. On August 18, 1972, while Miss Differding was driving Mr. Lieng's automobile from De Kalb to her home in Park Forest, it collided with a motorcycle being driven by defendant Panici, and he was injured. This was the fourth time she had driven the car from De Kalb to Park Forest.

At that time there were in force and effect two policies of automobile liability insurance issued by plaintiff to Miss Differding's father and one to her brother, who also resided with his parents. Each of these policies contained the following provision:

"USE OF NON-OWNED AUTOMOBILES
If the named insured *** owns a motor vehicle covered by this policy *** such insurance as is afforded by this policy with respect to the owned motor vehicle *** applies to the use of a non-owned automobile by:
(a) the first person named in the declarations or,
(b) if a resident of the same household, his spouse or the relatives of either ***."

The question whether Miss Differding qualified as a "resident of the same household" was decided by the appellate court adversely to plaintiff's contentions and is not in issue here.

In the policies a nonowned automobile is defined as:

"*** an automobile, trailer or detachable living quarters unit, not
(1) owned by,
(2) registered in the name of, or
(3) furnished or available for the frequent or regular use of the named insured, his spouse, or any relative of either residing in the same household, other than a temporary substitute automobile."

The circuit court found that the Lieng automobile was furnished or available for Miss Differding's frequent and regular use and that it "was in fact used regularly and frequently by Miss Differding."

The appellate court, finding that the evidence showed

that the automobile was available for Miss Differding's regular use only in the De Kalb area and that the trip to Park Forest was "an irregular and somewhat isolated use" held that the circuit court's finding was contrary to the weight of the evidence and reversed. 46 Ill. App. 3d 15, 22.

Although the appellate court has construed the terms "regular use" (*Rodenkirk v. State Farm Mutual Automobile Insurance Co.*, 325 Ill. App. 421; *Schoenknecht v. Prairie State Farmers Insurance Association*, 27 Ill. App. 2d 83; *Franey v. State Farm Mutual Automobile Insurance Co.*, 5 Ill. App. 3d 1040; and *Continental National American Group v. Vaicunas*, 26 Ill. App. 3d 835) and "frequent or regular use" (*State Farm Mutual Automobile Insurance Co. v. Berke*, 123 Ill. App. 2d 455, 456) our only prior consideration of the clause here involved was in *Econo Lease, Inc. v. Noffsinger*, 63 Ill. 2d 390. There we held that a leased automobile was not covered as a "non-owned" automobile for the reason that it was the intention of the lessee-insured to "regularly or frequently use the [leased] automobile." (63 Ill. 2d 390, 394.) An examination of these cases and the many authorities collected in the annotation at 86 A.L.R.2d 937, 939 (1962), leads us to conclude that the terms are not subject to absolute definition and that each case is dependent upon its own facts and circumstances.

On this record the question whether the Lieng automobile was furnished or available to Miss Differding for her frequent or regular use was one of fact. There is sufficient evidence in the record to support the findings made by the circuit court, and in holding that the findings were contrary to the manifest weight of the evidence, the appellate court erred.

We have considered defendant's argument that the term "frequent or regular use" is ambiguous and that any ambiguity in the policy must be construed in favor of the

insured. This rule, however, applies only when the language of the policy is ambiguous, and while the determination of whether the nonowned automobile was available for the frequent or regular use of the insured presents a question of fact, that created no ambiguity requiring construction of the language of the policy.

For the reasons stated, the judgment of the appellate court is reversed and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*