SARAH REST *et al.*, Plaintiffs-Appellants, *v.* BARRY NEW DELMAN *et al.*, Defendants-Appellees.

First District (4th Division)   No. 77-759

Opinion filed April 20, 1978.

Hoffman & Davis, of Chicago, for appellants.

Wolin, Frisch & Zelmar, of Chicago, for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The defendants were granted a motion for summary judgment and the case was dismissed by the trial court. The plaintiffs are appealing from the ruling of the trial judge.

The sole issue presented for review is whether or not the trial judge was correct in granting the motion for summary judgment on behalf of the defendants.

The facts of the case are on or about June 12, 1973, the defendants entered into a contract with Industrial Commercial Construction Company. The contract provided the defendants were to supply all necessary drawings and specifications for the architectural and structural portion of the interior remodeling of a building. The defendants did provide the plaintiffs with drawings and specifications. The plaintiffs had leases with the Cook County Department of Public Aid as well as the Illinois Department of Public Aid which provided the premises must comply with the Building Code of the City of Chicago. It is clear from both the record and the briefs there was no provision in any of the drawings for a sprinkler system to be installed in the subject premises. It is

the contention of the plaintiffs both here and in the trial court the sprinkler system is required by the Municipal Code of the City of Chicago. The defendants admit the sprinkler system is required by the Code, but they assert the sprinkler system is a mechanical portion of the work and is not covered by their contract to provide the architectural and structural drawings.

It is clear from the pleadings in the trial court there is a genuine issue of material fact present. Whether or not the sprinkler system is part of the architectural and structural portion of the work, as the plaintiffs urge, or is part of the mechanical portion of the work, as the defendants urge, is not a question of law, but one of fact. As the supreme court said in *Schedler v. Rowley Interstate Transportation Co.* (1977), 68 Ill. 2d 7, 13:

> "In *Econo Lease, Inc. v. Noffsinger*, 63 Ill. 2d 390, 393, the court said: 'A motion for summary judgment will be granted if the pleadings, depositions, admissions and affidavits on file reveal that there is no genuine issue as to any material fact and that the movant is entitled to a judgment or decree as a matter of law. (Ill. Rev. Stat. 1975, ch. 110, par. 57(3); *Carruthers v. B. C. Christopher & Co.*, 57 Ill. 2d 376.) A reviewing court must reverse an order granting summary judgment if it is determined that a material question of fact does exist.' "

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.

LINN and ROMITI, JJ., concur.