REGENT INSURANCE COMPANY, Plaintiff-Appellant, v. DAVID RUCKER *et al.*, Defendants-Appellees.

Third District No. 3—84—0793

Opinion filed August 30, 1985.—Rehearings denied October 31, 1985 and January 10, 1986.

Stephen W. Thomson, of Reed, Armstrong, Gorman & Coffey, of Edwardsville, for appellant.

Robert M. Hansen, of Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of La Salle, and William L. Arnold, of Chicago, for appellee Nelson Christensen.

Karen J. Steele, of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellee General Motors Corporation.

William J. Lucco, of Edwardsville, for other appellees.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff, Regent Insurance Company (hereafter Regent), appeals from a judgment in this declaratory judgment action finding that the defendant, Rex Construction Company (hereafter Rex), was

covered by an insurance policy written by the plaintiff. A tractor-trailer owned by Rex and driven by David Rucker collided with an auto driven by Elizabeth Ann Christensen. Christensen was killed in the accident. Regent had written an insurance policy covering the vehicles owned by Rex. Regent brought the instant action to determine whether Rex' liability for the accident was covered under the policy.

Regent asserted that it was excused from liability based upon an endorsement to the policy which excluded coverage for "regular or frequent" trips outside a 50-mile radius from Dorsey, where Rex' vehicles were based. The collision with Christensen's car occurred during a trip beyond the 50-mile radius. Rex responded that the tractor-trailer was not used for "regular or frequent" trips outside the 50-mile radius; that the phrase "regular or frequent" was ambiguous; and that Regent was estopped from denying liability because of representations by Regent's agent, William Benson.

The trial court issued a verbal judgment holding Regent liable. The court found that the tractor-trailer was not used for "regular or frequent" trips and that Benson's status as agent for Regent precluded Regent from denying liability.

On appeal, Regent asserts that the trial court erred in finding that the collision fell within the policy coverage and that Benson acted as an agent for Regent. We reverse the judgment of the circuit court.

■ An insurance policy is to be construed like any other contractual agreement. (*Dotson v. Agency Rent-A-Car, Inc.* (1981), 101 Ill. App. 3d 804, 428 N.E.2d 1002.) If the language of the policy is clear and unambiguous, it should be given its normal ordinary meaning. *Illinois Casualty Co. v. Peters* (1979), 73 Ill. App. 3d 33, 391 N.E.2d 547.

The contractual provision in dispute provided:

> "It is agreed that *** if *regular or frequent* trips of the automobile exceed a 50-mile radius *** the policy does not apply to any accident which occurs during any such trip or return therefrom ***." (Emphasis added.)

The courts of Illinois have construed the terms "regular" and "frequent" in automobile insurance policies. The court in *State Farm Mutual Automobile Insurance Co. v. Differding* (1977), 69 Ill. 2d 103, 370 N.E.2d 543, construed the phrase "regularly or frequently" in the context of insurance coverage for a nonowned auto. The court there held that the phrase "frequent or regular use" was not ambiguous. 69 Ill. 2d 103, 108, 370 N.E.2d 543, 545.

■ We see no basis for distinguishing the language interpreted in *State Farm* from the language of the policy in the cause at bar. We

find that the language of Regent's policy, "regular or frequent trips," was not ambiguous. The trial court was, therefore, required to give that language its normal ordinary meaning and to interpret the contract based on such meaning.

■ The question, then, is whether the tractor-trailer involved in the accident which killed Christensen made regular or frequent trips outside of the 50-mile radius. We find that the tractor-trailer made regular or frequent trips outside the radius as proscribed in the policy endorsement.

The tractor-trailer began operating in July 1980. The accident occurred on October 20, 1981. No figures were available for the number of trips made outside the 50-mile radius from July to December 1980. Jack McCann, one of the owners of Rex, testified only that the truck was used more in 1980 than in 1981. From January 1981 to October 1981, the tractor-trailer made 18 trips outside of the 50-mile radius. From June 1981 to October 1981, the tractor-trailer was driven outside the radius approximately every two weeks. Additionally, Rex delivered approximately $150,000 of merchandise during the period of January to October 1981. Of this amount, between $40,000 and $80,000 in merchandise was delivered outside the 50-mile radius.

Given the number of trips made, the small time interval between trips, and the significant value of the delivered merchandise, we find that the tractor-trailer was "regularly" driven outside of the 50-mile radius. The endorsement to the policy issued by Regent excluded coverage under the policy for the trip on October 20, 1981.

■ Further, Regency is not estopped from denying coverage. The evidence was insufficient to establish that Benson was an agent of Regency. Instead, he clearly acted on Rex' behalf in securing the policy from one of the 18 possible insurers for whom Benson acted as a broker.

We hold that under the policy issued by Regent to Rex, Regent has no duty to defend the defendants or to pay any judgment entered against them.

Therefore, the judgment of the circuit court of Putnam County is reversed and the cause remanded for further proceedings consistent with this decision.

Reversed and remanded.

HEIPLE, P.J., and BARRY, J., concur.