ORA D. BERRY, Plaintiff-Appellant, v. DENNIS GIBSON *et al.*, Defendants (Dennis Gibson *et al.*, Counterplaintiffs and Third-Party Plaintiffs-Appellants, v. Ford Motor Company, Counterdefendant and Third-Party Defendant-Appellee).

First District (4th Division)   No. 85—0028

Opinion filed March 6, 1986.

Henry J. Marquard and Nancy Jo Arnold, both of Kralovec, Marquard, Doyle & Gibbons, of Chicago, for Dennis Gibson and Hedlin Dairy Company.

Barbara Ross, of Ross & Hardies, of Chicago, for appellee Ford Motor Company.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiffs, Ora D. Berry and Hedlin Dairy Company, along with 22 other plaintiffs not parties to this appeal, brought a product liability action in the circuit court of Cook County against Ford Motor Company (Ford). The trial court granted Ford's motion for summary judgment. Plaintiffs contend that the trial court abused its discretion in granting the request for summary judgment.

We reverse and remand.

The record shows that Dennis Gibson, a truck driver for Hedlin Dairy Company (Hedlin), was driving a truck manufactured by Ford when the brakes allegedly malfunctioned and caused an accident. In

their complaint, plaintiffs alleged that the air compressor mounting in the brake system was designed in a manner which permitted the compressor to be disengaged from the drive belt; that the air compressor mounting was designed in a manner which permitted the compressor to slip; that there was insufficient fastening for the air compressor; that the air compressor's brackets were defectively constructed and that the air compressor mounting system lacked a secondary locking device to prevent slippage; that at the time of the accident, the air brake system of the truck was substantially in the same condition as when it left the control of Ford; and that the accident was the direct and proximate result of certain unreasonably dangerous and defective conditions of the air brake system, which, in turn, resulted in Gibson's loss of ability to control the vehicle.

To substantiate this claim, Hedlin introduced into evidence the deposition testimony of its expert witness, Dr. Carl Uzgiris. Dr. Uzgiris testified that he had examined the braking system of the truck and had formed several opinions as to the brake failure that led to the accident. He stated that the immediate cause of the brake failure was loss of air in the air brake system which caused slippage of the air compressor. He further testified that the slippage could have been caused because two mating parts of the compressor mounting were not machine compatible or because of the lack of split washers on the cap screw. He further stated that there was a fracture or leak in the governor line fitting that may have caused the brake failure.

Ford moved for summary judgment on the grounds that a part of the braking system had been materially altered after it left Ford's control and that if not for the alteration the accident would not have occurred. The alteration, it alleged, occurred when Hedlin removed an air pressure buzzer located on the dashboard of the subject truck and replaced it with an air pressure gauge which required the driver to look at it to ascertain the air pressure. The buzzer, it alleged, automatically warns the driver of air pressure problems with the brakes when the air pressure drops to 60 pounds per square inch (psi) and thus gives the driver an opportunity to take preventive action to avoid an accident.

To support its motion for summary judgment, Ford introduced the deposition testimony of Bernard Morrissey, the lead mechanic for the Hedlin fleet of dairy trucks, and Gibson, the driver of the truck in question. Mr. Morrissey, in his deposition, stated that his mechanic may have removed the warning buzzer which came with the truck and replaced it with a warning light gauge. The purpose of doing this, he testified, was to correct a problem that the warning buzzer caused

and to provide the same warning (that the pressure is dropping) with a different device (a light) which did not cause the problems the buzzer created. Gibson, in his deposition, stated that he was the driver of the truck in question; that at the time of the accident he first noticed the air pressure gauge when it read 30 psi. He further stated that if the warning buzzer had been functional and had sounded when the air pressure registered 60 psi, he would have been able to exit the expressway sooner than he did and would have been able to stop the truck. Gibson also stated that he believed that if he first observes the air pressure at 30 psi he could normally stop the truck, but on this occasion he was unable to do so.

Hedlin further points to a portion of the deposition testimony of Ford's expert, Robert P. Pelky, a design analysis engineer, who stated that the warning buzzer was not part of the brake and, therefore, was not a component necessary to bring the vehicle to a stop; it was only a warning mechanism.

■ Summary judgment is proper if the pleadings, depositions, admissions, and affidavits on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005.) If the documents that the trial court considers show that there is a material issue as to any material fact, summary judgment should not be granted. In ruling for a motion for summary judgment, the trial court must construe the pleadings, depositions, and affidavits in the light most favorable to the nonmoving party. If fair-minded persons could draw different conclusions from the evidence, the issues should be submitted to a jury to determine what conclusions seem most reasonable. Conversely, when the evidence shows that no material issues of fact have been raised, the moving party is entitled to judgment as a matter of law. *Artis v. Fibre Metal Products* (1983), 115 Ill. App. 3d 228, 231-32, 450 N.E.2d 756, 758.

■ An injured plaintiff may recover damages from a manufacturer under a product liability theory if he proves that his injury "resulted from a condition of the product, that the condition was an unreasonably dangerous one, and that the condition existed at the time it left the manufacturer's control." *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 623, 210 N.E.2d 182, 188.

Ford's motion for summary judgment was based on the premise that the removal of the buzzer on the subject truck constituted a material alteration of the braking system. Where the condition of the product at the time of the accident is substantially and materially different from its condition at the time of its sale, plaintiff will be unable

to prove its *prima facie* case, and, where undisputed facts adduced prior to trial show such a material alteration, summary judgment is appropriate. See *Coleman v. Verson Allsteel Press Co.* (1978), 64 Ill. App. 3d 974, 382 N.E.2d 36.

Plaintiffs, on the other hand, contend that evidence introduced indicated (1) that the removal of the buzzer was not a material alteration to the braking system; (2) that the buzzer is not part of the braking system; and (3) that if the buzzer is part of the braking system and its modification may have contributed to the accident, summary judgment is nevertheless inappropriate since they introduced other evidence to show that the modification was not the sole proximate cause thereof and that the design and manufacturing defect in the braking system was the sole and proximate cause of the accident.

Plaintiffs cite *Smith v. Verson Allsteel Press Co.* (1979), 74 Ill. App. 3d 818, 393 N.E.2d 598, to support their argument that the court erred in granting Ford's request for summary judgment. In *Smith v. Verson Allsteel Press Co.*, plaintiff was injured when the brake spring broke on a press brake that he was operating. Before the accident, plaintiff's employer modified the press brake's method of operation. Instead of a foot pedal the employer installed palm buttons to operate the press brake. Defendant argues that this change was a material and substantial modification of the press brake and that such modification was the sole and proximate cause of the accident. Plaintiff introduced evidence indicating that the accident was caused by a design defect in a tension spring. The court held that while the modification by plaintiff's employer may have contributed to the failure of the brake spring in the press brake, it would not grant summary judgment since plaintiff adduced sufficient evidence showing that the machine as manufactured and designed was unreasonably dangerous, and that these defects contributed in causing the injury, to warrant submission of the question of causation to the jury. *Smith v. Verson Allsteel Press Co.* (1979), 74 Ill. App. 3d 818, 826, 393 N.E.2d 598; accord, *Krabatsos v. Spivey Co.* (1977), 49 Ill. App. 3d 317, 364 N.E.2d 319.

■ Similarly, in this case, plaintiff introduced sufficient evidence, *i.e.*, testimony of Dr. Uzgiris as to the failure of the brakes, indicating that parts of the braking system as manufactured and designed were unreasonably dangerous, and that the defects contributed in causing the accident, to warrant submission of the question of causation to the jury.

■ The fact there is evidence of other causes of an injury (Hedlin's modification of the warning buzzer) is like any other con-

troverted issue of fact—a matter to be resolved by the jury—and it is for the jury to decide which causes appear more reasonable. (*Oliver v. Peoples Gas Light & Coke Co.* (1972), 5 Ill. App. 3d 1093, 1098, 284 N.E.2d 432, 435.) Furthermore, there is no duty upon plaintiffs in making a *prima facie* product liability case to eliminate all possible causes of the incident other than the one they alleged. *Pioneer Hi-Bred Corn Co. v. Northern Illinois Gas Co.* (1973), 16 Ill. App. 3d 638, 647, 306 N.E.2d 337, 343, *rev'd on other grounds* (1975), 61 Ill. 2d 6, 329 N.E.2d 228.

For the foregoing reasons, the decision of the circuit court of Cook County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

LINN, P.J., and JIGANTI, J., concur.