STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellant, v. ROBERT DREHER *et al.*, Defendants-Appellees.

Third District   No. 3—88—0662

Opinion filed September 5, 1989.—Rehearing denied December 4, 1989.

Bozeman, Neighbour, Patton & Noe, of Moline (James R. Patton, of counsel), for appellant.

Joseph F. Ryan, of East Moline, for appellees Henry Laleman and Dorothy Laleman.

G. Trent Marquis, of Klockau, McCarthy, Ellison & Marquis, P.C., of Rock Island, for appellee Craig W. Jones.

Sidney S. Deutsch, of Deutsch & Deutsch, of Rock Island, for appellee Robert Dreher.

Craig L. Kavensky, of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellee Mary Jo Ryan.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

The plaintiff, State Farm Mutual Automobile Insurance Company (hereinafter State Farm), appeals the judgment entered by the trial court following a bench trial.

On February 21, 1987, defendant Robert Dreher (Robert) was involved in a motor vehicle accident while driving his mother's automobile. Robert was insured under a State Farm auto policy for the operation of his 1985 Chevrolet. However, the automobile that Robert was operating at the time of the accident belonged to Betty Dreher and was not insured under the same automobile insurance policy. Robert's auto policy contained the following exclusion of coverage:

"Section I—Liability Coverage A of the policy states: The liability coverage extends to the use, by AN INSURED, of a NEWLY ACQUIRED CAR, a TEMPORARY SUBSTITUTE CAR, or a NON-OWNED CAR.

Further qualifying the term non-owned car, (DEFINED WORDS WHICH ARE USED IN SEVERAL PARTS OF THE POLICY), NON-OWNED car means a CAR NOT:

a. Owned by,

b. Registered in the name of, or

c. Furnished or available for the regular or frequent use of:

YOU, YOUR SPOUSE, or any RELATIVES."

State Farm filed a declaratory judgment action alleging that Robert was uninsured for the use of his mother's vehicle under the exclusionary clause contained in his policy.

In September 1986, Denise, Robert's wife, became employed, and in November, Robert's hours increased to 45 hours per week due to a promotion. Betty (Robert's mother) would baby-sit every day while Robert and Denise worked. Betty was the only baby-sitter used, and she normally sat for an entire work day at a time. After his promotion, Robert frequently used Betty's or her boyfriend's car, depending upon which vehicle Betty brought over to the defendants' home when

she baby-sat. Denise would normally use the family car for the majority of the time. Robert would also use his mother's car for personal errands, but only after obtaining her permission. When Betty vacationed, she permitted Robert to use her car since she would not need it during her absence. There were other occasions when Robert would use his mother's car, *e.g.*, when he performed mechanical work on the car. During this time, Robert and Denise attempted to save money so that they could purchase a second car, but in the meantime, Betty's car served as their second car.

On the date of the accident in question, Robert took his mother's car to work because his car was unavailable. He stated that he may have been driving his mother's car everyday for about four to five months preceding the accident.

In a recorded statement made shortly after the accident, he admitted that he did not need permission to use his mother's car and did not regularly ask Betty's permission each time he used her car. At trial, Robert testified that permission to use his mother's car was more of an implied understanding and it was routine for him to use her car. Robert stated that he would use Betty's car or her boyfriend's car two to three times a week. Betty Dreher did not restrict her son's use of her car, nor did she indicate when her permission for Robert to use her car would terminate.

After the conclusion of the trial, the trial court issued its decision and found that Betty Dreher's car was not available or furnished for the regular or frequent use of Robert Dreher, and therefore, State Farm was liable to insure damages arising out of Robert's accident. State Farm filed its notice of appeal and this appeal follows.

State Farm contends that the trial court's judgment was erroneous due to the uncontested evidence that Betty Dreher's car was available for Robert's regular and frequent use and that he so used it. We agree with State Farm and reverse the trial court's judgment.

All parties agree that if Betty's vehicle was available for the regular and frequent use of Robert Dreher, State Farm would not be liable to cover Robert's accident. It is apparent that Denise primarily used their family auto, which was directly covered by State Farm's policy. Robert used his mother's vehicle for a four- to five-month period while she baby-sat Robert and Denise's child. Robert normally would use Betty's vehicle two to three times a week, sometimes daily, without asking permission, and he enjoyed 24-hour access to her vehicle when Betty was vacationing.

■ Ordinarily, the findings of fact of the trial judge are given great deference and will not be set aside on appeal unless they are

against the manifest weight of the evidence. (*Wanless v. Rothballer* (1985), 136 Ill. App. 3d 321, 483 N.E.2d 899.) In cases involving declaratory judgment actions, the trial court's exercise of discretion is not given the same deference as in other proceedings, and the appellate court is given a greater latitude in reviewing a declaratory judgment issued by a trial court. *Chicago & Eastern Illinois R.R. Co. v. Reserve Insurance Co.* (1981), 99 Ill. App. 3d 433, 425 N.E.2d 429.

■ The grant or denial of declaratory relief is discretionary, and absent an abuse of that discretion, the trial court's determination will not be disturbed on appeal. (*Machinis v. Board of Election Commissioners* (1987), 164 Ill. App. 3d 763, 518 N.E.2d 270.) The evidence in this matter is basically undisputed. The evidence seems clear on its face that Betty Dreher's vehicle was available for the regular and frequent use of Robert, whenever he wished to use it.

■■ The insured has the burden of proving coverage by a preponderance of the evidence when the insurance company asserts the "regular use" exclusion. Illinois courts have repeatedly denied insurance coverage for accidents involving a nonowned vehicle which was "available for the regular and frequent use" of the insured. (*Economy Fire & Casualty Co. v. Gorman* (1980), 84 Ill. App. 3d 1127, 406 N.E.2d 169.) The *Gorman* case is analogous to the present case. The trial court held that the insurance company should cover the insured because the vehicle involved in the accident was not available for the regular or frequent use of the insured. The Fourth District Appellate Court reversed the trial court as a matter of law and held there was no coverage. In *Gorman*, the period of usage of the nonowned vehicle was two months and the frequency was daily. In this case, the period was four or five months and the frequency was nearly daily, fluctuating slightly week by week. In *Gorman*, the driver's use of the nonowned vehicle was restricted to the driver's employment, and Betty Dreher did not impose any restrictions on Robert's use of her automobile. Therefore, State Farm is entitled as a matter of law to prevail and is not liable to cover Robert Dreher in this accident. Other Illinois courts have consistently held this position, *e.g.*, *State Farm Mutual Automobile Insurance Co. v. Bundy* (1988), 165 Ill. App. 3d 260, 519 N.E.2d 109, *Continental National American Group v. Vaicunas* (1975), 26 Ill. App. 3d 835, 325 N.E.2d 747, and *State Farm Mutual Automobile Insurance Co. v. Berke* (1970), 123 Ill. App. 3d 455, 258 N.E.2d 838.

■ State Farm also contends that the trial court should have considered Robert Dreher's frequent use of Betty's boyfriend's car when deciding whether State Farm is liable to cover Robert for his acci-

dent. The exclusion clause is not limited to the availability of a specific automobile for regular and frequent use. The evidence presented revealed that Robert frequently used his mother's boyfriend's car when his mother brought that over to baby-sit. No restrictions were placed on Robert's use of said vehicle, and it only depended on which vehicle Betty Dreher brought as to which one Robert drove. See *Rodenkirk v. State Farm Mutual Automobile Insurance Co.* (1945), 325 Ill. App. 421, 60 N.E.2d 269.

Therefore, the uncontested facts indicate Betty Dreher's car was available to Robert for "regular and frequent use" and he was permitted to operate her vehicle without restriction or asking for permission.

Based on the foregoing, the circuit court of Rock Island County is reversed.

Reversed.

HEIPLE and BARRY, JJ., concur.