CHAMPA SOUMPHOLPHAKDY *et al.*, Plaintiffs-Appellants, v. PRUDEN-TIAL PROPERTY & CASUALTY INSURANCE, Defendant-Appellee (State Farm Mutual Automobile Insurance Company *et al.*, Defendants).

First District (3rd Division) No. 1—89—0009

Opinion filed September 13, 1989.

Nagle & Gallagher, of Chicago (James P. Gallagher and James P. Nagle, of counsel), for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and Carol Proctor, of counsel), for appellee.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

Plaintiffs, Champa Soumpholphakdy, Kesone Soumpholphakdy, and Khaikeo Soumpholphakdy, appeal from an order of the trial court

which granted a motion for summary judgment in favor of defendant, Prudential Property and Casualty Insurance (Prudential), and denied plaintiffs' cross-motion for summary judgment in a declaratory judgment action regarding an automobile liability insurance policy. For the reasons stated below, we affirm the judgment of the Circuit Court.

Plaintiffs' complaint for declaratory judgment sought a determination of the rights and liabilities of the parties under a policy issued by Prudential to codefendant Bennie Marsala (Marsala). Specifically, plaintiffs sought a declaration that Prudential is obligated to provide coverage for or otherwise indemnify Marsala for any judgments entered against him in an underlying personal injury suit. Plaintiffs allege in the underlying action that they were injured when riding as passengers in an automobile which collided with a truck being operated by Marsala. The truck was owned by Marsala's employer, defendant Donald Christensen, d/b/a Donald Christensen & Associates (Christensen).

Prudential filed a counterclaim for declaratory judgment, citing exclusionary language in the policy, that there is no coverage for nonowned cars regularly used by the insured. Prudential alleges that Marsala was operating a nonowned vehicle which he regularly used and therefore the exclusion applied. Subsequently, Prudential filed a motion for summary judgment, attaching the depositions of Marsala and Christensen. Plaintiffs filed a cross-motion for summary judgment. After a hearing on the cross-motions, the trial court found that the truck was regularly used by Marsala and therefore its use was excluded from coverage under the Prudential policy. The trial court accordingly granted defendant Prudential's motion for summary judgment and denied plaintiffs' motion for summary judgment.

On appeal plaintiffs contend that the trial court improperly failed to apply the distinction between business and personal use of vehicles, as set forth in Illinois case law and mandated by public policy. Defendant Prudential responds that the courts properly look to the frequency of the prior use of the nonowned vehicle in determining whether a "regular use" provision excludes coverage.

■ The parties cite a number of Illinois cases, in addition to several cases from foreign jurisdictions, which involve a "regular use" provision in an automobile liability policy. We will review the Illinois case law briefly. We decline to follow the case law from foreign jurisdictions, since it does not have binding authority on this court. In *Schoenknecht v. Prairie State Farmers Insurance Association* (1960), 27 Ill. App. 2d 83, 169 N.E.2d 148, the plaintiff was involved in an accident while operating an automobile provided to him by his em-

ployer for use during working hours of 8 a.m. to 4:30 p.m. The plaintiff was directed to return the car to the shop of his employer at the close of the work day. On the date of the accident, at the close of the work day, instead of returning the car to the shop, the plaintiff went to visit friends and was involved in the accident at 11 p.m. The appellate court affirmed the trial court's grant of summary judgment in favor of the plaintiff. (*Schoenknecht*, 27 Ill. App. 2d at 98.) The court stated that the car was furnished to the plaintiff solely during working hours and upon the business of his employer. (*Schoenknecht*, 27 Ill. App. 2d at 97.) The court noted that the only times the plaintiff had used the car previously was during working hours and to further the business of his employer. The plaintiff never had used the car to go anywhere else. (*Schoenknecht*, 27 Ill. App. 2d at 97.) Accordingly, the court concluded that the trial court properly found that the "regular use" exclusion did not apply to deny coverage. *Schoenknecht*, 27 Ill. App. 2d at 98.

In *State Farm Mutual Automobile Insurance Co. v. Differding* (1977), 69 Ill. 2d 103, 370 N.E.2d 543, the defendant was a student at Northern Illinois University whose permanent residence was with her parents in Park Forest. During the summer she sublet an apartment from a professor, who asked her to maintain his automobile for the summer and limited her use of the automobile to the DeKalb area. The defendant was involved in an accident while driving the car to her home in Park Forest. The supreme court stated that whether the automobile was "furnished or available *** for [the] frequent or regular use" of the defendant under the policy was a question of fact. (*Differding*, 69 Ill. 2d at 107.) The court held that the trial court's finding of noncoverage was supported by the evidence. (*Differding*, 69 Ill. 2d at 107.) The supreme court noted the trial court's findings that the date of the accident was the fourth time the defendant had driven the car to Park Forest. (*Differding*, 69 Ill. 2d at 106.) Further, the supreme court agreed with the trial court that the automobile was furnished or available for the defendant's regular use, and in fact was used regularly and frequently by the defendant. *Differding*, 69 Ill. 2d at 106.

In *Economy Fire & Casualty Co. v. Gorman* (1980), 84 Ill. App. 3d 1127, 406 N.E.2d 169, the defendant was involved in a collision while operating an automobile owned by his employer and furnished to him for making deliveries. The defendant was instructed to return the car to the store when finished making deliveries, and if no one was at the store, to put the keys in the ashtray and lock the car. The car never was given to him for his personal use and he never was

given personal permission to drive the car after working hours, 5 to 8 p.m. The defendant stated, however, that many times he left at 8 p.m. to make deliveries and did not return until 8:30 or 8:45 p.m. On the date of the accident, the defendant left the store at 8:30 p.m. with seven or eight deliveries to make. He was uncertain of the location of the street for his last delivery, so he stopped at a friend's house, at 9 to 9:30 p.m. One friend rode with him in the car to show him where the street was. They returned to the home and remained with some other people until around 10:45 p.m. The defendant drove one person home and had another friend in the car when the accident occurred around 11 p.m.

In determining whether the car was furnished for the defendant's "regular use," the court looked to prior case law. The court concluded that *State Farm Mutual Automobile Insurance Co. v. Differding* (1977), 69 Ill. 2d 103, 370 N.E.2d 543, effectively overruled the earlier case of *Schoenknecht v. Prairie State Farmers Insurance Association* (1960), 27 Ill. App. 2d 83, 169 N.E.2d 148. The court stated that *Differding*, unlike *Schoenknecht*, determined whether a vehicle is furnished for regular use irrespective of whether it is actually being used at the time of an accident in a way for which it was not provided. Based on the analysis in *Differding*, the court found in the case before it that the defendant's use of the automobile was "regular" as a matter of law. *Gorman*, 84 Ill. App. 3d at 1131.

In *State Farm Mutual Automobile Insurance Co. v. Bundy* (1988), 165 Ill. App. 3d 260, 519 N.E.2d 109, the court affirmed the trial court's granting of a motion for summary judgment in favor of the plaintiff insurer, on the basis that a pickup truck owned by a codefendant company and driven by the defendant Bundy was excluded from coverage since it was provided for Bundy's regular or frequent use. Bundy had obtained the truck from the residence of a co-worker in order to transport something for one of his family members. Prior to the accident he had used the truck daily during the course of his employment. In addition, he had used the truck for personal reasons up to two or three times a month. He always had asked for the requisite permission for personal use. On the day of the accident, he was unable to reach a supervisor to request permission for personal use. The appellate court found, as a matter of law, that the car was "furnished or available for the regular or frequent use of" Bundy. *Bundy*, 165 Ill. App. 3d at 265-66.

Finally, in *Auto-Owners Insurance Co. v. Gray* (1989), 180 Ill. App. 3d 761, 536 N.E.2d 444, the defendant was involved in an accident while operating a pickup truck owned by his employer. The acci-

dent occurred in the evening while the defendant was returning from a golf outing. The truck had been in the defendant's exclusive possession for over two years prior to the accident. The defendant kept the truck at his residence 24 hours a day, year-round. The only two sets of keys to the truck were in the employer's office and in the defendant's possession. The defendant had used the truck on prior occasions for personal matters without being reprimanded. His employer, however, had an unwritten rule that company trucks were to be used for company business only. The appellate court held that the facts of record indicated that the vehicle was furnished for the defendant's regular use and therefore coverage was excluded. *Gray*, 180 Ill. App. 3d at 765.

Notably, the court in *Gray* looked to *Schoenknecht*, *Differding*, *Gorman*, and *Bundy* and found the analysis and results to be consistent with one another. The court therefore disagreed with the prior statement by the court in *Gorman* that *Differding* had implicitly overruled *Schoenknecht*. The court in *Gray* stated that in each of the four cited cases, the court looked to the circumstances surrounding the employee's use of the company vehicle. (*Gray*, 180 Ill. App. 3d at 765.) The court stated that the result of each case depends upon the particular facts presented. *Gray*, 180 Ill. App. 3d at 763.

In the instant case, Marsala's employer, Donald Christensen, testified in his deposition that his company did general contracting work in building restoration. The company owned at least four to six vehicles at the time of Marsala's accident. The trucks were used to deliver material. Christensen estimated that Marsala kept a company truck at his home overnight 50% of the time he used the vehicle. Christensen had a set of keys to the truck and often kept charge of them. Christensen and Marsala occasionally would get an emergency service call at 1 or 2 a.m., and whichever of the two of them received the call would go to the jobsite to service the problem. Christensen did not favor employees using company vehicles for personal matters, but granted permission for personal use depending on the employee and the circumstances. Christensen did not know that Marsala had wanted to use the truck for or at a party.

Marsala testified in his deposition that he was employed as a superintendent by Christensen. Marsala used the company vehicle about 75% of the time he went to jobsites. He used his own vehicle the rest of the time. His job required him to assign the company's several trucks to employees who needed to go to jobsites on a given day. The keys were kept in the secretary's desk in the office, and Marsala, the other superintendent, and the secretary had access to them. On some

evenings after work, Marsala would take home the truck and park it in front of his home overnight. If the job the next day required a larger truck, Marsala would take his own truck on the job, return home, and then drive the company truck back to the office. Marsala would inform Christensen if he was going to keep a truck overnight.

Marsala stated he "very seldom" used the truck for personal use, and that during the six months prior to the accident, he had not used it for personal matters. Each time he used it for personal matters, he would obtain Christensen's permission. On the day before the accident, a Saturday, Marsala took the truck home so that he could transport tables and chairs for a neighbor who was hosting a party on Sunday. Marsala obtained Christensen's permission to use the truck for personal matters, but did not specify to Christensen how he would use the truck. Marsala moved the furniture on Sunday morning. The accident occurred late Sunday night or early Monday morning when Marsala was driving a guest home from the party.

■ Summary judgment is proper where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c); *Berry v. Gibson* (1986), 141 Ill. App. 3d 876, 491 N.E.2d 33.) Summary judgment may be appropriate under certain circumstances, but it must be granted with caution so that no party's right to trial is infringed where there are conflicting facts and inferences or when reasonable persons might reach different results. (*Kramer v. Weedhopper of Utah, Inc.* (1986), 141 Ill. App. 3d 217, 220, 490 N.E.2d 104.) The respondent need not prove his case at the summary judgment stage, but he may be required to present some evidence to show the existence of a triable and genuine issue of fact. (*Kramer*, 141 Ill. App. 3d at 221.) Where the evidence raises no issue of material fact, summary judgment is properly granted. *Berry*, 141 Ill. App. 3d at 879.

■ In the instant case, plaintiffs do not raise any issues of material fact. Rather, they assert that the evidence of record shows, as a matter of law, that Marsala did not use the company truck regularly for personal matters and, therefore, the policy extends coverage and plaintiffs were entitled to summary judgment in their favor. We disagree.

As the supreme court stated in *State Farm Mutual Automobile Insurance Co. v. Differding* (1977), 69 Ill. 2d 103, 370 N.E.2d 543, the phrase "regularly or frequently used" does not have an absolute definition and each case turns upon its own facts and circumstances. (*Dif-*

*ferding,* 69 Ill. 2d at 107.) The record in the instant case indicates that Marsala regularly used the company truck. Marsala often kept the truck overnight at his home. Further, he had used the truck, although infrequently, for personal matters. We find that the record supports the trial court's conclusion that the truck was regularly used by Marsala. We believe that this result is consistent with the case law cited. Accordingly, the policy exclusion, with regard to nonowned vehicles, that "there is no coverage for cars regularly used by" the insured, applied to exclude the truck used by Marsala. Under the facts of this case, the trial court properly granted summary judgment in favor of Prudential and against plaintiffs.

For the foregoing reasons, we affirm the judgment of the circuit court.

Judgment affirmed.

WHITE and CERDA, JJ., concur.