ANN SHEARY, Plaintiff-Appellee, v. STATE FARM MUTUAL AUTOMO-BILE INSURANCE COMPANY, Defendant-Appellant.

Fifth District No. 5—89—0321

Opinion filed January 16, 1991.

Stephen C. Mudge, of Reed, Armstrong, Gorman, Coffey, Thomson & Gilbert, of Edwardsville, for appellant.

Roy C. Dripps, of Talbert & Mallon, P.C., of Alton, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

On October 2, 1986, plaintiff, Ann Sheary, was involved in an automobile accident. The vehicle she was driving had been purchased earlier that same day. Plaintiff contacted her parents' insurance agent to determine whether the vehicle was covered under her parents' automobile insurance policy with defendant, State Farm Mutual Automobile Insurance Company. Defendant denied coverage. The circuit court of Madison County issued a declaratory judgment in favor of plaintiff, holding that defendant's insurance policy provides coverage for the accident. We affirm.

Plaintiff's future husband, Jeff Main, purchased the vehicle in question and took out a loan to pay for it. Plaintiff had no role in the negotiations on the price of the car, did not cosign the loan or contribute financially toward the purchase. At the time of the accident, plaintiff lived at home with her parents. Main was to have garaged the vehicle at his home and testified that he intended to make plaintiff a part owner upon their engagement or marriage.

It is undisputed that the sole intended purpose of the vehicle was

for plaintiff to drive to and from work. Furthermore, both Main and plaintiff admitted that plaintiff was to make all loan payments. On the day of the accident, Main and plaintiff were supposed to go back to the dealer to "sign some papers," but the accident occurred on the way. Plaintiff's name was on the title when it was issued.

The insurance policy in question indicated the named insureds were Steven and Mary Sheary, plaintiff's parents. Coverage extends to the use, "by an insured, of a newly-acquired car, a temporary substitute, or a non-owned car." A non-owned car is defined as a car not "(1) owned by, (2) registered in the name of, or (3) furnished or available for the regular or frequent use of you, your spouse, or any relatives." Both sides agree that plaintiff is a relative under the policy. Plaintiff, as a relative, is an insured under the policy in question.

Defendant's first issue on appeal is whether plaintiff owned the vehicle within the meaning of the policy. Defendant specifically argues that ownership for insurance purposes is not governed by the actual transfer of title, but is governed by the intent of the parties. Plaintiff responds that in the context of insurance, ownership is determined at the time of the collision. Plaintiff further argues that as ownership is not defined in the policy, it is ambiguous and therefore should be construed against the insurer and in favor of coverage.

■■ ■ Defendant is correct that under Illinois law, ownership for insurance purposes is governed by the intent of the parties. (*Jadczak v. Modern Service Insurance Co.* (1987), 151 Ill. App. 3d 589, 595, 503 N.E.2d 794, 798; *Country Mutual Insurance Co. v. Aetna Life & Casualty Insurance Co.* (1979), 69 Ill. App. 3d 764, 767-68, 387 N.E.2d 1037, 1039-40.) Since ownership is determined as of the time of the collision (*Old Mutual Casualty Co. v. Clark* (1977), 53 Ill. App. 3d 274, 368 N.E.2d 702), the intent of the parties must be judged at the time of the collision. In the instant case, there is uncontradicted testimony that plaintiff intended Jeff Main to be the owner of the vehicle. Plaintiff had no role in the negotiation over purchase price, did not cosign the loan, had not contributed financially to the purchase price, and Main testified that he intended to add plaintiff's name to the title only upon their engagement or marriage. Considering the plain meaning of the word "owned," the circuit court did not err in holding that plaintiff did not own the car under the insurance policy.

Defendant's second issue is whether the vehicle was "furnished or available for the regular or frequent use" of plaintiff. Defendant argues that the circuit court erred in not looking past the date of the accident at plaintiff's anticipated use. Plaintiff asserts that even if the court considered her future intentions for the car, it was not fur-

nished or available for her regular and frequent use at the time of the accident.

█ As our supreme court noted, the term "regular and frequent use" is not subject to absolute definition; each case is dependent on its own facts. (*State Farm Mutual Automobile Insurance Co. v. Differding* (1977), 69 Ill. 2d 103, 107, 370 N.E.2d 543, 545.) This question of fact, however, does not create an ambiguity which must be construed in favor of the insured. (69 Ill. 2d at 107-08, 370 N.E.2d at 545.) In the case at bar, as in *Differding*, there is sufficient evidence in the record to support the findings made by the circuit court.

A recent pronouncement on this question is found in *Auto Owners Insurance Co. v. Miller* (1990), 138 Ill. 2d 124, 561 N.E.2d 630. Miller's employer gave him the use of a pickup truck to drive daily for business purposes only, a restriction on use which he acknowledged; however, when the collision occurred, Miller was driving the truck for personal use, returning from a non-business-related golf outing. He was insured under an individual automobile liability policy covering usage of certain named vehicles and "the use of non-owned vehicles that were not furnished for his regular use." (138 Ill. 2d at 127, 561 N.E.2d at 631.) The trial court held that, as the vehicle was not provided for Miller's regular use, Miller was covered by this policy, citing *Differding*. The appellate court held to the contrary, finding regular use, but our supreme court reversed the appellate court. Noting that the question of the truck being provided for Miller's regular use was factual, the supreme court determined that the trial court's finding was not against the manifest weight of the evidence, stating it was "clear that the truck was not furnished to Miller for his regular [and frequent] use." 138 Ill. 2d at 129, 561 N.E.2d at 632.

In making its finding in the instant case, the circuit court did not err in not considering the intended future use of the vehicle. In fact, the court considered all of the facts argued by defendant concerning intended future use. The court felt, however, that the greater weight of the evidence indicated that the car was not available for the regular and frequent use of plaintiff. The circuit court is in a much better position to weigh evidence and determine the credibility of witnesses. An appellate court will not reverse such a decision unless it is against the manifest weight of the evidence. *Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 356, 226 N.E.2d 624, 626.

The circuit court's ruling is not against the manifest weight of the evidence. While the court may consider future intent (*Econo Lease, Inc. v. Noffsinger* (1976), 63 Ill. 2d 390, 394, 349 N.E.2d 1, 3), in this case, that intent had not manifested itself at the time of the accident.

In *Econo Lease*, the insured leased a car and was driving it, as he intended to do in the future, at the time of the accident. (63 Ill. 2d at 392, 349 N.E.2d at 2.) Here, it is undisputed that plaintiff had intended to drive the car to and from work by herself. At the time of the accident, however, plaintiff was not driving to or from work, and was driving with the owner.

In addition, plaintiff's intended use was to be limited. Jeff Main controlled the use of the car. It was to be garaged at Main's house. Main kept the only set of keys. Plaintiff was to ask Main for the keys, and his implied permission to use the car, each time she wished to drive. On the day of the accident, plaintiff had been allowed to use the car for only 15 minutes prior to the accident. Under the reasoning of *Knack v. Phillips* (1985), 134 Ill. App. 3d 117, 479 N.E.2d 1191, the circuit court did not err.

The cases cited by defendant can be factually distinguished from the case at bar. In *State Farm Mutual Automobile Insurance Co. v. Dreher* (1989), 190 Ill. App. 3d 182, 547 N.E.2d 1, the insured used the car without seeking express permission two to three times per week for four to five months before the accident. (190 Ill. App. 3d at 184, 547 N.E.2d at 3.) Here, plaintiff would have had to seek permission each time she used the car and had only been driving for 15 minutes prior to the accident. In *Differding*, the car was available to the insured, the only driver of the car, from June through August, a period substantially longer than that involved here. In fact, she held the only set of keys during that time. (*Differding*, 69 Ill. 2d at 105, 370 N.E.2d at 544.) In *Econo Lease*, the insured leased the car for his personal use. He had driven the car for two days prior to the accident, and he was driving at the time of the accident. (*Econo Lease*, 63 Ill. 2d at 392, 349 N.E.2d at 2.) He was acting on what can be described as his "future intent" when he was involved in the accident. Here, plaintiff was not.

For the foregoing reasons, the order of the circuit court of Madison County is affirmed.

Affirmed.

RARICK, P.J., and CHAPMAN, J., concur.