AMERICAN STATES INSURANCE COMPANY, Plaintiff-Appellee, v. GAWLICKI AND HUSSEY, INC., *et al.*, Defendants (Richard Dolan, as Adm'r of the Estate of Anne Dolan, Deceased, Defendant-Appellant).

Third District   No. 3—91—0679

Opinion filed June 30, 1992.—Rehearing denied August 10, 1992.

Jerome E. Boyle, of Alvin W. Block & Associates, of Chicago, for appellant.

John P. McTigue and John C. Bartler, both of McKenna, Storer, Rowe, White & Farrug, of Wheaton, for appellee.

JUSTICE GORMAN delivered the opinion of the court:

This action was brought by plaintiff American States Insurance Company for a declaratory judgment that a van driven by an employee of defendant Gawlicki and Hussey, Inc., was not a "nonowned" vehicle under defendant's policy. The trial court granted plaintiff's motion for summary judgment. We reverse and remand.

From the pleadings, depositions, and affidavits, the following facts were established. In 1986, Edward Gawlicki bought a van. Title was held in the names of Gawlicki and his wife. Gawlicki made the payments on the van and paid the expenses for the van. Gawlicki used the vehicle in his flooring business and used it for personal matters as well. The Gawlickis owned other vehicles not used in the business and insured them through a different carrier.

Gawlicki later incorporated his business into defendant "Gawlicki and Hussey, Inc." After this point, the corporation made the payments on the van and paid the gasoline, tire, and repair bills on it. The corporation also used a pickup truck of the other shareholder. The corporation listed the van on a policy issued to it by the Farmers Group. The Gawlickis also listed the van as a covered vehicle on their home auto insurance policy throughout 1988 and 1989.

In March 1989, the corporation bought $500,000 in "nonowned" auto coverage from plaintiff, which extra coverage was needed for a particular job. The policy provided the following:

> "Non-owned 'Autos' only.
> Only those 'autos' you lease, hire, rent, or borrow that are used in connection with your business. This includes 'autos' owned by your employees, or partners or members of their households but only while used in your business or your personal affairs."

In June 1989 the van was involved in a collision which killed Anne Dolan. Dolan's estate filed a wrongful death/survival suit against the corporation and against defendant Frank Gawlicki, an

employee of the corporation who was driving the van at the time. Farmers Group issued a check to the corporation for the value of the van, which had been destroyed in the accident. Edward Gawlicki bought another van and took title to it jointly with his wife.

In September 1990, the circuit court entered an order authorizing the Dolan estate administrator to sign a covenant not to execute judgment against certain assets. Under the terms of the covenant, the estate agreed not to execute any judgment it may obtain against the defendant corporation and defendant Frank Gawlicki, except to the extent of insurance coverage, including the coverage issued by plaintiff here, in return for $492,900.99.

In December 1990, plaintiff filed a declaratory judgment action to construe the insurance contract. Before discovery commenced, Edward Gawlicki stated that he "contributed" the van to the defendant corporation. When deposed he stated that he "loaned" the vehicle to the corporation.

Plaintiff filed a motion for summary judgment in which it alleged that the van did not come within the "nonowned" coverage it issued and that an asserted delay in notice defeated coverage. The trial court granted plaintiff's motion, finding that no material issue of fact existed as to ownership of the van and that it was unnecessary to consider the notice issue.

Dolan's estate now appeals.

■ Defendant first contends that the policy is ambiguous as to the word "own" and therefore should be construed against plaintiff insurer. The general rule is that the courts will not place an unreasonable construction on language in insurance policies to find an ambiguity. If the words of a policy can reasonably be given their plain, ordinary and popular meaning, the provisions should be applied as written and the parties should be bound to the agreement they made. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 475 N.E.2d 872.) We are unable to find any ambiguity in this policy. While the policy does not specifically define "own," this word has a plain, dictionary definition which can reasonably be given to it in this contract.

The second issue for review is whether the van is a "nonowned" vehicle under the defendant-corporation's insurance policy. The ownership of a vehicle for insurance purposes is governed by the intent of the parties at the time of the collision. (*Sheary v. State Farm Mutual Automobile Insurance Co.* (1991), 207 Ill. App. 3d 1067, 566 N.E.2d 794.) Where there is no genuine issue of mate-

rial fact as to the question of ownership, summary judgment is in order. (*State Farm Mutual Auto Insurance Co. v. Lucas* (1977), 50 Ill. App. 3d 894, 365 N.E.2d 1329.) Where the facts are not in dispute, their legal effect, such as whether those facts fall within the provisions of an insurance policy, is a matter of law. *United Farm Bureau Mutual Insurance Co. v. Elder* (1981), 86 Ill. 2d 339, 427 N.E.2d 127.

■ Here, the facts have been established regarding the corporation's use of the van and the Gawlickis' treatment of the van. Edward Gawlicki had bought the van with his own funds and placed title in himself and his wife. Edward and Arleen Gawlicki retained title to the vehicle from the date of its purchase until after it was destroyed in the collision. The van was covered on the Gawlickis' home auto insurance policy throughout 1988 and 1989. Edward and Arleen Gawlicki entered into no legally binding agreement for the acquisition of the vehicle by defendant corporation. Edward Gawlicki stated that he made the van available for use in the corporation, but had no intent to make a gift of the van to the corporation. He purchased another van titled in the name of himself and his wife with the proceeds paid to the corporation for the loss of the van. Under these circumstances, it is clear that the van's ownership remained in Edward and Arleen Gawlicki, regardless of the corporation's having made payments on the vehicle and paying its operating expenses.

Therefore, we reverse the grant of summary judgment for plaintiff and enter judgment for defendant on the issue of ownership and remand to the trial court for consideration of the remaining issue regarding notice.

Reversed and remanded.

BARRY, P.J., and STOUDER, J., concur.