PEKIN INSURANCE COMPANY, Plaintiff-Appellant, v. TAMMY BENSON, Defendant-Appellee.

First District (1st Division) No. 1—98—2645

Opinion filed June 30, 1999.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers, Donald J. Kinwald, and David S. Osborne, of counsel), for appellant.

Beermann, Swerdlove, Woloshin, Barezky, Becker, Genin & London (Timothy M. Kelly, of counsel), and Law Offices of Keith S. Shindler (Keith S. Shindler, of counsel), both of Chicago, for appellee.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:
Defendant, Tammy Benson, an employee of Corvette Clinic, Inc. (Corvette), sought underinsured motorists benefits from an insurance policy that plaintiff Pekin Insurance Company issued to Corvette. Plaintiff denied coverage and brought this declaratory action.

After cross-motions for summary judgment, the trial court determined that defendant's vehicle was covered under plaintiff's insurance policy and granted summary judgment in favor of defendant. After the declaration of coverage, there was still pending Benson's arbitration because Pekin's policy required underinsured motorist claims to be resolved by arbitration. Plaintiff filed a motion to stay the enforcement of the court's judgment and the arbitration hearing. The trial court granted the motion but ordered, as a condition of the stay, that plaintiff pay interest on any subsequent arbitration award at 9% *per annum* from August 21, 1998, the date of the arbitration hearing. On appeal, plaintiff contends that the trial court erred in: (1) finding that the automobile that defendant operated constituted a "non-owned auto" under plaintiff's insurance policy; and (2) imposing a condition of interest as a term of its stay order.

On July 23, 1998, the trial court entered its order staying the judgment and conditioning a payment of interest on the stay pursuant to Supreme Court Rule 305(b). 155 Ill. 2d R. 305(b). On July 23, 1998, plaintiff also filed an amended notice of appeal that did not challenge the stay order itself but requested this court to reverse the condition of an interest payment. Plaintiff's initial brief states that this court has jurisdiction of the stay order under Supreme Court Rule 301 and that it has timely invoked the jurisdiction by filing an amended notice of appeal within 30 days of the order of stay. 155 Ill. 2d Rs. 301, 303.

Defendant's brief, however, contends that this court lacks jurisdiction over the trial court's order of stay dated July 23, 1998, under Supreme Court Rule 301, because the trial court, in staying its judgment with the condition of an interest payment, did not enter a "final order." 155 Ill. 2d R. 301. Defendant further argues that by not filing a motion in this court attacking the interest payment condition of the stay order, plaintiff thereby failed to invoke this court's jurisdiction under Supreme Court Rule 305(d). 155 Ill. 2d R. 305(d). Defendant contends that this court lacks jurisdiction of the appeal from the order dated July 23, 1998, and requests that plaintiff's appeal of the condition of interest as a term of the stay order be dismissed. On April 13, 1999, at the same time plaintiff filed its reply brief, it filed a motion to strike the condition of the stay requiring it to pay interest on any future arbitration award. We decided to take the motion with the case and will address it below.

# I. FACTS

The facts of this appeal are relatively undisputed. On June 19, 1995, defendant was employed at Corvette. While performing an errand for Corvette in a vehicle that Corvette did not own, defendant

was involved in a car accident and was injured. Defendant received the maximum insurance benefits from a policy covering the other vehicle in the accident. Defendant then filed a claim with plaintiff for underinsured motorists (UIM) benefits on a policy plaintiff issued to Corvette.

Plaintiff's insurance policy provided UIM coverage to anyone occupying a "covered auto." The policy then defines covered autos for the purpose of UIM and uninsured motorist (UM) coverage as:

"NON-OWNED 'AUTOS' USED IN YOUR GARAGE BUSINESS. Any 'auto' you do not own, lease, hire, rent, or borrow used in connection with your garage business described in the Declarations. This includes 'autos' owned by your employees or partners or members of their households while used in your garage business."

Plaintiff denied any coverage for defendant's injuries and filed a complaint for declaratory judgment. Plaintiff claimed that at the time of the accident, defendant was operating a vehicle owned by her mother, Gerda Flanigan, who did not reside in defendant's household. Plaintiff denied coverage because Flanigan was not an employee, partner, or member of an employee or partner's household, and, according to plaintiff, a "nonowned auto" was limited to vehicles owned by Corvette's employees, partners, and members of their households.

After both parties filed cross-motions for summary judgment, the court rejected plaintiff's argument and ruled in favor of defendant. The court found that the first sentence of the definition of a "nonowned auto" defined "covered autos" which the insured did not own as all autos used in connection with the insured's business. The court further found that the second sentence of the definition was not a limitation but an "amplification and an attempt to add definition to what in fact is a nonowned auto." Because Corvette did not own the auto defendant operated at the time of the accident and defendant was using the auto in connection with Corvette's garage business, the trial court held that defendant's vehicle constituted a "nonowned auto" and that defendant was entitled to UIM benefits under plaintiff's policy.

Following judgment in her favor, defendant requested an arbitration of her UIM claim on August 21, 1998, pursuant to the terms of plaintiff's insurance policy. Plaintiff then moved in the trial court to stay the arbitration pending this appeal. Defendant requested that if the court issued any stay of the arbitration, the court should require plaintiff to pay interest from August 21, 1998, the date of the arbitration. The trial court then stayed the enforcement of its judgment and the arbitration of plaintiff's automobile accident claim. The trial court also granted defendant's request and conditioned the stay on plaintiff's

payment of interest from August 21, 1998, pending the resolution of this appeal.

## II. ANALYSIS

Plaintiff first argues that the trial court erred in its interpretation of the "nonowned auto" definition of its insurance policy. Plaintiff contends that the second sentence of the definition limits its coverage to autos owned by the insured's employees, partners, or members of their households used in connection with the insured's business. According to plaintiff, any other meaning of the definition renders the phrase "members of their households" meaningless.

■ In construing provisions of an insurance policy, courts must examine the terms used to ascertain the intentions of the parties. *American States Insurance Co. v. Koloms*, 177 Ill. 2d 473, 479, 687 N.E.2d 72 (1997). "If the terms of the policy are clear and unambiguous, they must be given their plain and ordinary meaning." Koloms, 177 Ill. 2d at 479. Insurance policies should be interpreted as a whole, taking into consideration the type of insurance purchased, the risks involved, and the purpose of the policy. *State Farm Mutual Automobile Insurance Co. v. Villicana*, 181 Ill. 2d 436, 442, 692 N.E.2d 1196 (1998). We review the trial court's grant of summary judgment on the issue of an interpretation of an insurance policy *de novo. Villicana*, 181 Ill. 2d at 441.

■ The trial court properly interpreted the "nonowned auto" definition to include "any auto" the insured did not "own, lease, hire, rent, or borrow." First, examining the insurance policy as a whole, Corvette purchased UIM insurance to provide coverage for all individuals operating vehicles it did not own but which were used in its business. Therefore, a commonsense reading of the language "any auto" in the first sentence of the definition combined with the insurance contract's purpose of extending coverage to anyone occupying a "covered auto" supports the trial court's interpretation of the policy term "nonowned auto." Corvette extended UIM coverage to an employee operating a vehicle in furtherance of Corvette's business and the language of the policy on its face affords such coverage.

■ Moreover, we agree with the trial court that the second sentence of the "nonowned auto" definition constitutes an amplification or illustration of the general definition. The second sentence directs that automobiles owned by employees, partners, and members of their household are separate and distinct from automobiles owned by the named insured. UIM coverage is not limited, for instance, to an employee or partner's auto but, in contrast, UIM coverage still includes these vehicles despite the fact that they have some intimate connec-

tion with the named insured. Thus, the second sentence does not contain any meaningless phrases but provides guidance as to what may constitute a "nonowned auto." Because vehicles owned by employees, partners, or members of their households are included within the definition of "nonowned autos," UIM coverage extends to these vehicles as well as to "any auto" not owned by the insured.

We note that the one Illinois case interpreting a similar "nonowned auto" clause conducted this same analysis. *American States Insurance Co. v. Gawlicki & Hussey, Inc.*, 231 Ill. App. 3d 199, 202, 596 N.E.2d 720 (1992). In that case, the court found that a van was a "nonowned auto" because it was not owned by the named insured, a corporation, but was owned by a shareholder of the corporation. The court did not address whether the shareholder of the corporation was an employee, partner, or member of their household, but concluded that, because the van was not owned by the named insured, it was a "nonowned auto." *Gawlicki & Hussey, Inc.*, 231 Ill. App. 3d at 202. Therefore, the only inquiry the court undertook was to determine whether the insured owned the vehicle at issue, and, once the court found that it did not, the vehicle fell within the plain meaning of the definition of "nonowned auto."

■ Plaintiff also argues that the word "includes" in the second sentence is intended to be a limitation of coverage. Illinois courts are clear that when competing reasonable interpretations of the terms of a policy exist, the court cannot choose which interpretation to follow, but must "construe the policy in favor of the insured and against the insurer that drafted the policy." *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 141, 708 N.E.2d 1122 (1999).

In this case, even assuming that a reasonable interpretation of the definition of "nonowned auto" is that the use of "includes" in the second sentence limits coverage to autos owned by "employees or partners or members of their household," we cannot ignore that the language of the second sentence likewise allows for other competing interpretations of the word "includes." For instance, the second sentence of the definition does not state, "This *only* includes employees or partners, or members of their household." Therefore, we believe that a reasonable interpretation of "includes" can also mean "for example" or "in illustration of" and that, under this interpretation, the second sentence provides examples of what may be, but is not limited to, a "nonowned auto." With these competing interpretations of the definition of "nonowned auto," we must reject plaintiff's interpretation, which affords less coverage. *Employers Insurance of Wausau*, 186 Ill. 2d at 141-42.

Plaintiff additionally relies on two out-of-state cases to support its

interpretation of the definition of a "nonowned auto." We recognize that without established authority in Illinois, the court may choose to examine authority from other jurisdictions. *Skipper Marine Electronics, Inc. v. United Parcel Service Inc.*, 210 Ill. App. 3d 231, 239, 569 N.E.2d 55 (1991). However, we believe that Illinois case law exists which supports our decision in this case. See *Gawlicki & Hussey, Inc.*, 231 Ill. App. 3d at 202.

Moreover, the out-of-state cases that plaintiff relies on are unpersuasive. In *Volkswagen of America v. Hartford Casualty Insurance Co.*, No. 91—16671 (9th Cir. 1993), the ninth circuit, in an unpublished order, affirmed a finding of no general liability coverage. The court rejected argument that the nonowned auto clause created any ambiguity in coverage because the insurance policy contained an endorsement specifically excluding the vehicle at issue. In contrast, plaintiff's insurance policy contains no exclusion that applied to defendant's vehicle and extends UIM coverage to anyone operating a "covered" vehicle.

In *Gilmore v. St. Paul Fire & Marine Insurance Co.*, 708 So. 2d 679 (Fla. Dist. Ct. App. 1998), a conflict existed in the insurance policy at issue between "covered autos" for liability purposes and a "protected person" exclusion for UIM and UM coverage. The policy contained a nonowned auto provision, and the vehicle at issue fell within the definition of a nonowned vehicle and within the definition of the "protected person" exclusion. Because of the conflict, the court found ambiguity in the policy and extended UIM coverage to the individual operating the vehicle. *Gilmore*, 708 So. 2d at 682.

Plaintiff suggests that if the nonowned auto provision in *Gilmore* did not limit coverage, there would be no conflict in the insurance policy. We do not view *Gilmore* as supporting any limitation to the plain meaning of the definition of "nonowned auto." Moreover, the *Gilmore* court found in favor of coverage, because it interpreted the "nonowned auto" definition as extending coverage to the vehicle involved in the accident. Therefore, *Gilmore* supports the trial court's interpretation of a "nonowned auto" which affords coverage to all autos the insured does not own.

Based on established principles of interpreting the terms of an insurance policy, we hold that plaintiff's policy afforded UIM coverage to all individuals occupying vehicles used in connection with Corvette's business that Corvette did not own, lease, hire, rent, or borrow. In this case, it is undisputed that Corvette did not own defendant's vehicle and, at the time of the auto accident, defendant was operating the vehicle in connection with Corvette's business. Therefore, defendant's vehicle was a "nonowned auto" under plaintiff's insurance policy and defendant is entitled to UIM coverage. The trial court properly entered summary judgment in favor of defendant.

We next address whether the trial court erred in conditioning any interest payment on the stay of its judgment pending this appeal. We find that this court lacks jurisdiction over the trial court's order of stay dated July 23, 1998. We therefore dismiss plaintiff's appeal of the interest condition on the stay of the trial court's order.

■ Appellate jurisdiction is limited to review of final judgments unless an order falls within a statutory or supreme court exception. *Cavanaugh v. Lansing Municipal Airport*, 288 Ill. App. 3d 239, 242, 631 N.E.2d 39 (1997). A final judgment is one that fixes absolutely and finally the rights of the parties in the lawsuit on all issues of litigation and disposes of the entire controversy; it is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. *P&A Floor Co. v. Burch*, 289 Ill. App. 3d 81, 682 N.E.2d 107 (1997). Further, an order is final where matters left for future determination are merely incidental to the ultimate rights that have been adjudicated by the order. *In re Petition to Incorporate the Village of Greenwood*, 275 Ill. App. 3d 465, 470, 655 N.E.2d 1196 (1995); *Deckard v. Joiner*, 44 Ill. 2d 412, 417, 255 N.E.2d 900 (1970).

■ Plaintiff does not challenge the propriety of the trial court's imposition of a stay, but contends the order conditioning an interest payment on the stay is a final judgment and contests the interest imposed by the trial court. Plaintiff further contends that since the order is a final judgment, this court has jurisdiction of the appeal from the order entered on July 23, 1998, pursuant to Supreme Court Rule 301. 155 Ill. 2d R. 301. We find the order entered July 23, 1998, is not final since several significant matters are left for subsequent resolution. The order of stay in no way terminates all issues of litigation because the issues of liability and damages have yet to be determined. *State Farm Fire & Casualty Co. v. Yapejian*, 152 Ill. 2d 533, 542, 605 N.E.2d 539 (1992). We note for example, that if the arbitration results in a zero damage award, plaintiff's appeal of the propriety of conditioning the stay on the payment of interest will be moot. *Tadros v. Kuzmak*, 277 Ill. App. 3d 301, 305, 660 N.E.2d 162 (1995). Furthermore, orders involving motions to stay arbitration are considered, not final, but interlocutory, because they are "injunctive in nature." *Robert A. Besner & Co. v. Lit America, Inc.*, 214 Ill. App. 3d 619, 622-23, 574 N.E.2d 703 (1991); *Clark v. Country Mutual Insurance Co.*, 131 Ill. App. 3d 633, 636, 476 N.E.2d 4 (1985).

In *Clark*, the plaintiff brought an action to enforce judgment of an award of an arbitrator pursuant to an uninsured motorist claim under defendant's insurance policy. The court initially denied plaintiff's request but gave her leave to amend. Plaintiff eventually filed an

amended application to compel arbitration and cited the arbitration agreement within the insurance contract. *Clark*, 131 Ill. App. 3d at 635. The court granted the motion. The insurer then asked the court to reconsider its order and stay any arbitration pending appeal. The trial court denied the motion. *Clark*, 131 Ill. App. 3d at 635. The insurer appealed, arguing the order denying the stay of arbitration was a "final" order. The appellate court disagreed and found that the order denying the stay was "interlocutory" because the circuit court retained jurisdiction over the yet-to-be-completed arbitration. The court noted that, following the arbitration, the circuit court retained "jurisdiction to confirm the award, or to vacate, modify or correct the award." *Clark*, 131 Ill. App. 3d at 636.

Additionally, insurance contracts in which the parties agree to arbitration of a dispute or controversy are subject to the Illinois Uniform Arbitration Act (710 ILCS 5/1 *et seq.* (West 1996)). *Coronet Insurance Co. v. Booker*, 158 Ill. App. 3d 466, 469, 511 N.E.2d 793 (1987). Under the Uniform Arbitration Act, a party may move in the circuit court to confirm an arbitration award (section 11), to vacate an award (section 12), to modify or correct an award (section 13), or to enter judgment on an award (sections 14, 16). 710 ILCS 5/11 through 14, 16 (West 1996). Further, a party may appeal an arbitrator's award to the circuit court if the arbitrator exceeds his powers. *Booker*, 158 Ill. App. 3d at 470.

In this case, the circuit court's order staying the arbitration is not a final order because it does not resolve finally the rights of the parties and additional issues are yet to be determined. Notably, even before any arbitration hearing is held and any decision entered, the insurance policy anticipates that the parties may need to petition the circuit court and obtain a court order. Under the arbitration clause of the policy, the insured and insurer each select one arbitrator and then the two arbitrators select a third to complete the panel for the arbitration. However, in the insurance policy, it states that, if the arbitrators cannot agree on a third arbitrator within 30 days, either party may request that the third arbitrator be selected "by a judge of a court having jurisdiction." Clearly, in this case, the court having jurisdiction would be the same circuit court that ordered the stay of the arbitration.

Moreover, following the arbitration hearing and decision, either plaintiff or defendant may seek to challenge, modify, or appeal the arbitration award in the circuit court. *Clark*, 131 Ill. App. 3d at 636. If defendant prevails at arbitration, either party may also seek to challenge any interest added to the arbitration award. Therefore, the order staying the arbitration did not dispose of the entire controversy between the parties and is not a "final" order.

We cannot agree with plaintiff's contention that this order is final because the circuit court has nothing more to do regarding this litigation concerning the rights and duties of the parties before it. If the parties were to proceed to arbitration, the circuit court would still retain jurisdiction to confirm the award or to vacate, modify, or correct the award. 710 ILCS 5/11 through 13 (West 1996); *Clark*, 131 Ill. App. 3d at 636.

■ We additionally note that in *Clark* and in *Robert A. Besner & Co.*, the courts found that the circuit court's orders denying a stay of arbitration were appealable under Supreme Court Rule 307 (155 Ill. 2d R. 307). *Clark*, 131 Ill. App. 3d at 636; *Robert A. Besner & Co.*, 214 Ill. App. 3d at 623. The courts equated the denial of a stay of arbitration with the denial of an injunction, which is appealable under Supreme Court Rule 307(a)(1) (155 Ill. 2d R. 307(a)(1)). *Clark*, 131 Ill. App. 3d at 636; *Robert A. Besner & Co.*, 214 Ill. App. 3d at 623. Courts have also found an order staying a contempt proceeding is appealable under Rule 307(a)(1). *Chicago City Bank & Trust Co. v. Drake International, Inc.*, 211 Ill. App. 3d 850, 854, 570 N.E.2d 765 (1991). Supreme Court Rule 307(a)(1), however, limits this court's jurisdiction to the appeal of an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." 155 Ill. 2d R. 307(a)(1).

■ In the case at bar, plaintiff does not seek to appeal the granting of the interlocutory order staying the arbitration. Plaintiff does not seek to appeal an order modifying or dissolving a stay, or an order refusing to dissolve or modify a stay. Plaintiff moved in the trial court to obtain a stay of any arbitration hearing pending the outcome of this appeal and plaintiff was successful. The court granted the motion. In the same order whereby the court stayed the arbitration, it also imposed a condition or term as part of the stay, requiring plaintiff to pay interest on any arbitration award calculated from the date of August 21, 1998. Therefore, the trial court entered a single interlocutory order staying the injunction. Plaintiff neither filed a motion to modify the court's stay of arbitration and seek an interest free stay order nor filed a motion to dissolve the stay. Rather, on the same date the trial court entered the stay order, plaintiff filed a notice of appeal seeking reversal of *part* of the stay order under Supreme Court Rules 301 and 303. 155 Ill. 2d Rs. 301, 303. The part of the stay order that plaintiff appealed is the term that conditions the stay upon payment of interest. That interest payment term was specifically entered under the language of Supreme Court Rule 305(b), which provides: "The stay shall be conditioned upon such terms as are just." 155 Ill. 2d R. 305(b).

Significantly, plaintiff makes it clear that it does not dispute the entire stay order but requests the stay to continue during the pendency of this appeal. Plaintiff only seeks a reversal of the interest payment term of the stay order imposed by the trial court. Therefore, Supreme Court Rule 307(a)(1) does not give this court jurisdiction over the trial court's decision to require interest because plaintiff does not challenge the granting of the stay order itself, or any order modifying, dissolving, or refusing to modify or dissolve the stay of arbitration. 155 Ill. 2d R. 307(a)(1). Plaintiff also continues to benefit from the stay order and does not have to arbitrate defendant's UIM claim during this appeal.

■ Based on the nature of the uncontested order staying arbitration, we conclude that this court's jurisdiction over the trial court's condition of an interest payment on the stay order can only arise from Supreme Court Rule 305(d). 155 Ill. 2d R. 305(d). Supreme Court Rule 305(d) states in pertinent part as follows:

"Stays by the Reviewing Court. Application for a stay ordinarily must be made in the first instance to the trial court. A motion for a stay may be made to the reviewing court, or to a judge thereof, but such a motion must show that application to the trial court is not practical, or that the trial court has denied an application or has failed to afford the relief that the applicant has requested, and must be accompanied by suggestions in support of the motion and supporting record (Rule 328), if the record on appeal has not been filed." 155 Ill. 2d R. 305(d).

Plaintiff initially sought relief under Supreme Court Rule 305(d) when it filed a motion to stay the arbitration in the trial court. 155 Ill. 2d R. 305(d). During the hearing on the motion for the stay, plaintiff objected to defendant's request for a condition of interest, but the trial court granted defendant's request as a "just" term and condition of the stay order pursuant to Supreme Court Rule 305(b). 155 Ill. 2d R. 305(b).

■ Once the trial court, upon application by the plaintiff for an interest-free stay, "failed to afford the relief" plaintiff sought under Rule 305(d) and ordered plaintiff to pay interest on any subsequent arbitration award, plaintiff failed to file a motion in the reviewing court to show that the trial court denied the relief plaintiff requested, namely, an interest-free stay of arbitration, accompanied by suggestions in support of the motion and supporting record as required by Supreme Court Rule 305(d). 155 Ill. 2d R. 305(d). Therefore, plaintiff's choice to continue to benefit from the stay of arbitration and seek appellate review of the interest condition of the stay order presents a unique issue of jurisdiction. However, the clear language of Supreme Court Rule 305(d), directing the applicant to file a motion in the reviewing court if the trial court "failed to afford the relief that the

applicant has requested," controls our decision. 155 Ill. 2d R. 305(d). We hold under Rule 305(d) plaintiff was required to file a motion with this court to obtain appellate review of the court's condition of an interest payment on its stay order. Plaintiff's failure to file a motion requires dismissal of the appeal of the interest condition of the stay order.

 Assuming *arguendo* that this court has jurisdiction to review the interest condition of the stay order, plaintiff has waived any objection to the condition or terms of the stay by simultaneously accepting the benefit of the stay and failing to present a motion in this court to alter or modify the stay. "A party who has accepted and retained the advantages of an order cannot be heard to attack the validity or propriety of conditions upon which its right to such advantages was expressly predicated." *Zweifel Manufacturing Corp. v. City of Peoria*, 11 Ill. 2d 489, 493, 144 N.E.2d 593 (1957).

In this case, plaintiff is challenging a condition of a stay order. We find *Tadros v. Kuzmak*, 277 Ill. App. 3d 301, 305, 660 N.E.2d 162 (1995), instructive. In *Tadros*, defendants sought to challenge the reasonableness of a bond the trial court set as a condition of a stay order. Plaintiff did not file a motion or any other application in the appellate court under Supreme Court Rule 305. 155 Ill. 2d R. 305. The court concluded that because plaintiff failed to file any motion attacking the bond, it waived review of the issue. *Tadros*, 277 Ill. App. 3d at 304. The court recognized the principle that a party cannot avoid the clear "procedural mechanisms" of Supreme Court Rule 305 and still seek review of an issue. 155 Ill. 2d R. 305. Likewise, we conclude that a party cannot avoid the procedural mechanisms of Supreme Court Rule 305(d) when it seeks to challenge a condition of a stay order while simultaneously benefitting from the stay order. 155 Ill. 2d R. 305(d).

In this case, we recognize that plaintiff eventually filed a motion to strike the condition of the stay order when it filed its reply brief. However, issues the appellant raises for the first time after the filing of appellant's brief should not be addressed on appeal. *P&A Floor Co.*, 289 Ill. App. 3d at 93. Moreover, plaintiff did not file a motion attacking the condition of the stay order in this court under Supreme Court Rule 305(d). Nor did plaintiff file such a motion when it filed its brief or within a reasonable time thereafter. Rather, plaintiff filed a motion to strike the condition of the stay nine months after the court stayed the judgment with the condition of a payment of interest and after defendant asked this court to dismiss the appeal of the interest payment condition for lack of jurisdiction. During this period of time, plaintiff has benefitted from the stay order and avoided the time and expense of an arbitration hearing.

The power to grant stays is discretionary. See *Stacke v. Bates*, 138 Ill. 2d 295, 302, 562 N.E.2d 192 (1990). Plaintiff's remedy was to renew immediately its motion to the appellate court rather than to belatedly attack the trial court's action in this appeal. *Horvath v. Loesch*, 87 Ill. App. 3d 615, 620, 410 N.E.2d 154 (1980). The language of Rule 305(d), together with the case law of *Tadros* and *Horvath*, supports the conclusion that, under the facts of this case, the plaintiff in challenging the condition of a Supreme Court Rule 305(b) stay must file a motion in the appellate court under Supreme Court Rule 305(d). 155 Ill. 2d Rs. 305(b), (d). Supreme Court Rule 305 provides a remedy for parties aggrieved by a trial court's issuance of a stay or a term or condition of the stay, and the failure to file a motion in the reviewing court waives objection to the stay. 155 Ill. 2d R. 305.

Under the facts of this case, plaintiff has continued to benefit from the stay by avoiding the time and expense of arbitration. By contesting the terms of the stay on appeal rather than by filing a motion to modify the stay, plaintiff has secured the benefit of the stay for the duration of the appeal while defendant continues to bear the detriment of the stay and is restrained from exercising her right to arbitration.

Thus, plaintiff's motion to strike the condition of the stay order, filed with its reply brief, is untimely. Plaintiff also has failed to follow the requirements of Supreme Court Rule 305(d). 155 Ill. 2d R. 305(d). Accordingly, the appeal of the trial court's condition of an interest payment on its stay order is dismissed and plaintiff's motion to strike the condition of the stay order is denied.

Affirmed in part; appeal dismissed in part.

O'BRIEN, P.J., and GALLAGHER, J., concur.