W.L. MILLER COMPANY, Plaintiff-Appellee, v. KEN E. ZEHNDER, Director, the Department of Revenue, *et al.*, Defendants-Appellants.

Fourth District    No. 4—99—0849

Argued July 12, 2000.—Opinion filed July 31, 2000.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Erik G. Light (argued), Assistant Attorney General, of counsel), for appellants.

Gary L. Smith (argued), of Loewenstein, Hagen & Smith, P.C., of Springfield, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

In August 1991, the Illinois Department of Revenue (Department)

audited plaintiff, W.L. Miller Company (Miller). Miller subsequently paid use taxes as directed by the auditor but under protest. In October 1991, Miller filed a formal claim (hereinafter original claim) seeking a credit and refund of $14,392 for use tax that it had paid on several vehicles that it alleged were subject to the "rolling stock exemption" set forth in sections 3—55(b) and 3—60 of the Use Tax Act (Act) (Ill. Rev. Stat. 1991, ch. 120, pars. 439.3—55(b), 439.3—60 (now 35 ILCS 105/3—55(b), 3—60 (West 1998))). In May 1996, Miller filed an additional claim (hereinafter second claim) for credit against the use tax that it paid on machinery and vehicle parts, alleging that these items were also subject to the rolling stock exemption.

In January 1998, the Department Director adopted the recommendation of the administrative law judge (ALJ) and granted the Department's summary judgment motion as to Miller's second claim upon concluding that it was barred by the three-year statute of limitations set forth in section 21 of the Act (Ill. Rev. Stat. 1991, ch. 120, par. 439.21 (now 35 ILCS 105/21 (West 1998))). Miller sought administrative review, and in October 1998, the circuit court reversed the Department's decision and remanded the case for determination of the amount of refund due Miller.

On remand, the parties stipulated that (1) the Department did not waive its right to appeal the circuit court's decision on the statute of limitations issue, and (2) the allowable amount of Miller's claim for credit on vehicle parts was $4,551. In September 1999, the court granted judgment for $4,551 in favor of Miller.

The Department appeals, arguing that (1) the ALJ correctly determined that the three-year statute of limitations bars Miller's second claim; and (2) the trial court erred in concluding that (a) Miller's August 1991 letter, stating it was paying the tax under protest, constituted a "claim for credit" and (b) the Department was estopped from barring Miller's claim. We reverse.

## I. BACKGROUND

In August 1991, the Department audited Miller, a highway and heavy road construction company. As a result, the Department determined that Miller owed use tax on certain vehicles, vehicle parts, and machinery it purchased during the audit period, July 1988 to June 1991.

In August 1991, Miller mailed its payment of the use tax to the Department. Enclosed with that payment was a letter explaining that Miller disagreed with the Department's interpretation of the rolling stock exemption and was paying the tax under protest. In the letter, Miller stated that the items in question included "dump trucks, pup

trailers, lowboy, some repair parts, tires, etc." Miller also requested that the Department send it the necessary form for filing a claim for credit.

In October 1991, Miller filed its original claim for a credit of $14,392, which represented $11,577 for nine vehicles and $2,815 in interest.

In June 1994, the Department entered a tentative denial of Miller's original claim. Miller then filed a notice of protest, which was forwarded, along with the denial notice, to the Department's administrative hearings division.

In April 1996, a hearing on Miller's original claim was held at which Miller's attorney sought to amend its original claim to include a claim for credit on use taxes it paid on (1) machinery and equipment used in its asphalt operations and (2) vehicle repair parts. The ALJ advised Miller's attorney to submit those claims to the Department, and the hearing proceeded on Miller's original claim only. In October 1996, the ALJ entered a recommendation for disposition on Miller's original claim, recommending that the Department deny it as to two of the vehicles but grant credits on the remaining seven. In November 1996, the Director adopted the ALJ's recommendation.

Meanwhile, in May 1996, Miller filed its second claim, seeking a $13,781 credit on asphalt machinery and a $14,921 credit for vehicle parts. In July 1996, the Department entered a tentative denial of Miller's second claim, and in November 1996, Miller filed another protest.

In November 1997, the Department filed a motion to dismiss Miller's second claim. The Department argued that (1) the second claim was barred by the Act's three-year statute of limitations on claims for credit or refund (Ill. Rev. Stat. 1991, ch. 120, par. 439.21 (now 35 ILCS 105/21 (West 1998))) and (2) the second claim could not be considered an amendment to the original claim because the second claim sought additional amounts for items of tangible personal property not included in the original claim.

Miller responded that the statute of limitations did not apply because Miller filed the second claim before the Department ruled on its original claim and both of the claims related to the same exemption. Miller further argued that the Department should be estopped from barring its second claim because (1) the ALJ granted Miller permission to amend the claim and (2) Miller sought to avoid overpayment of tax not due.

In January 1998, upon consideration of the parties' briefs and exhibits, a different ALJ entered a recommendation for disposition. This ALJ treated the Department's motion to dismiss as a summary

judgment motion and made the following determinations: (1) pursuant to section 21 of the Act (Ill. Rev. Stat. 1991, ch. 120, par. 439.21 (now 35 ILCS 105/21 (West 1998))), the statute of limitations begins to run when a taxpayer erroneously pays tax; (2) Miller did not include a claim for credit with respect to vehicle parts in its original claim; (3) the earlier ALJ did not grant Miller leave to amend its claim nor did he have the authority to do so; and (4) the facts of the case did not warrant the application of estoppel. This ALJ recommended that the Director grant the Department's motion for summary judgment.

In January 1998, the Director accepted the ALJ's recommended decision and denied Miller's second claim. In March 1998, Miller sought administrative review, and in October 1998, the circuit court reversed the Director's decision. The court concluded that Miller's second claim was timely filed because it was an amendment to the original claim. The court further concluded that Miller's August 1991 letter stating that it was protesting the denial of credit for certain vehicles and repair parts constituted the initiation of Miller's claim for credit. Thus, the Department had timely notice of the substance of Miller's second claim.

The circuit court also concluded that even if Miller's second claim was untimely, the Department was estopped from barring the claim because (1) the August 1991 letter put the Department on notice that Miller sought a credit for taxes paid on the vehicle parts as well as the vehicles; (2) Miller's first opportunity to amend its claim was at the April 1996 hearing, and the Department was responsible for delaying that hearing beyond the statute of limitations period; and (3) estoppel is appropriate where it will prevent the overpayment of tax not due. The court remanded the case for determination of the amount of refund due Miller.

On remand, the parties stipulated that Miller was entitled to $4,551. The Director accepted the parties' stipulation and, in September 1999, the circuit court entered an order allowing Miller's second claim for the amount of $4,551 plus statutory interest.

This appeal followed.

## II. ANALYSIS

### A. Jurisdiction

As a threshold matter, Miller contends that this court lacks jurisdiction over this appeal because the Department failed to file a notice of appeal within 30 days of the circuit court's final order. According to Miller, the circuit court's October 1998 order remanding the case to the Department for determination of the amount of refund due Miller was the final order from which the Department should have appealed.

That order, Miller argues, decided all of the substantive issues in the case. The Department counters that an appeal from the October 1998 order would have been premature because the remand compelled further proceedings on disputed questions of law and fact. We agree with the Department.

■ The Supreme Court of Illinois considered the finality of a trial court's order in *Wilkey v. Illinois Racing Board*, 96 Ill. 2d 245, 249, 449 N.E.2d 843, 844 (1983), and therein wrote the following:

> "[T]he finality of an order is not necessarily determined by its form and *** ordering a remandment does not invariably render a judgment nonfinal. As this court has previously noted, 'if, upon remandment, the trial court has only to enter a judgment or decree in accordance with the directions of the reviewing court, or to conduct further proceedings on uncontroverted incidental matters, then, irrespective of the remanding clause in the judgment order, the judgment of the Appellate Court is final and reviewable.' (*Cory Corp. v. Fitzgerald* (1949), 403 Ill. 409, 414[, 86 N.E.2d 363, 366].) In *Cory Corp.*, however, this court carefully qualified that rule with an additional statement:
>
> > 'On the other hand, where a cause is remanded for a new trial or other further proceedings involving disputed questions of law or fact, the judgment of the Appellate Court is not of a final character. [Citations.] The ultimate question to be decided in each case is whether the judgment fully and finally disposes of the rights of the parties to the cause so that no material controverted issue remains to be determined.' [Citation.]"

The First District Appellate Court's definition of a final judgment is also instructive. In *Pekin Insurance Co. v. Benson*, 306 Ill. App. 3d 367, 375, 714 N.E.2d 559, 565 (1999), it wrote:

> "A final judgment is one that fixes absolutely and finally the rights of the parties in the lawsuit on all issues of litigation and disposes of the entire controversy; it is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment."

■ In this case, the circuit court's October 1998 order did not fully and finally determine the rights of the parties. That order simply reversed the ALJ's summary judgment order—that is, the circuit court ruled that Miller's claim was not barred by the statute of limitations and should have been allowed to go forward. On remand, therefore, the parties were left to address the merits of Miller's claim. That controverted matters of fact were still left to be determined is apparent in light of the discrepancy between the amount Miller sought in its second claim, over $14,000, and the amount that the parties ultimately stipulated to, less than $5,000.

We therefore conclude that the circuit court entered its final order for purposes of appeal in September 1999, the Department timely filed its notice of appeal, and this court has jurisdiction.

## B. Statute of Limitations

The Department first argues that the circuit court erred when it concluded that Miller's second claim was not barred by the statute of limitations. We agree.

■ In reviewing a final decision under the Administrative Review Law (735 5/3—101 through 3—113 (West 1998)), we review the administrative agency's decision, not the circuit court's determination. An administrative agency's conclusions on questions of fact are reversed only if they are against the manifest weight of the evidence; however, an agency's conclusions of law are not entitled to deference and are reviewed *de novo*. *XL Disposal Corp. v. Zehnder*, 304 Ill. App. 3d 202, 207, 709 N.E.2d 293, 297 (1999). Thus, we review *de novo* the Director's decision adopting the ALJ's recommendation in this case.

Miller contends that its second claim is not barred by the statute of limitations because it is merely an amendment to the original claim. Miller's reasoning is as follows. Under the Department's definition of rolling stock, parts that are attached to exempt vehicles are also exempt. 86 Ill. Adm. Code § 130.340(b) (1991). Miller's second claim pertains to vehicle parts attached to exempt vehicles. Therefore, the second claim does nothing more than change the amount of credit claimed.

The Department argues that Miller's second claim is distinct from its first because the second claim seeks an additional credit amount, on different property, requiring a different factual basis. We agree with the Department.

■ The factual predicate of Miller's original claim pertained to the use of Miller's vehicles on a for-hire basis in interstate commerce. Ill. Rev. Stat. 1991, ch. 120, par. 439.3—55(b) (now 35 ILCS 105/3—55(b) (West 1998)). The factual predicate for Miller's second claim pertains to whether the claimed parts are placed on and have become part of an exempt vehicle. The two claims are based on different, albeit interrelated, legal bases. We therefore conclude that Miller's second claim constitutes a distinct claim for credit and the ALJ correctly determined that it should have been filed within the three-year statute of limitations period.

## C. The August 1991 Letter

The Department next contends that the circuit court erred by concluding that Miller's August 1991 letter initiated Miller's claims for credit. We agree.

■ Miller argues that its August 1991 letter had the legal effect of initiating both of its claims because it notified the Department that Miller (1) protested the use tax assessment and (2) specifically objected to the tax on its vehicles and vehicle parts. We are not persuaded.

Section 19 of the Act provides that a taxpayer may file a claim for credit "upon a form prescribed and furnished by the Department." Ill. Rev. Stat. 1991, ch. 120, par. 439.19 (as amended see 35 ILCS 105/19 (West 1998)). Were we to hold that Miller's letter stating its intent to protest and requesting a claim for credit form had the same legal effect as submitting a completed form to the Department, we would render the procedures in section 19 of the Act meaningless. We decline to so hold.

### D. Estoppel

Finally, the Department contends that the circuit court erred by applying the principles of estoppel against the Department. We agree.

Miller argues that the Department should have been estopped from barring its claim because doing so causes the Department to be unjustly enriched. The Department admits that Miller would have been entitled to credit for some of the vehicle parts had its claim been timely filed. However, the merits of a claim are irrelevant when the claim is not filed within the statute of limitations.

■ The doctrine of equitable estoppel may be invoked when a party reasonably and detrimentally relies on the words or conduct of another. Against the State, however, estoppel is applied only to prevent fraud and injustice. *Brown's Furniture, Inc. v. Wagner*, 171 Ill. 2d 410, 431, 665 N.E.2d 795, 806 (1996).

■ Miller argues extensively that its second claim must be allowed to prevent fraud, injustice, and unjust enrichment. Miller fails, however, to establish the fundamental elements of estoppel. The record does not support the conclusion that Miller delayed filing its second claim in reliance on the Department's words or conduct. The principles of estoppel, therefore, cannot be applied in this case.

### III. CONCLUSION

For the reasons stated, we reverse the circuit court's judgment.

Reversed.

GARMAN and KNECHT, JJ., concur.