2026 IL App (1st) 240425-U

SECOND DIVISION
May 12, 2026

No. 1-24-0425

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| 450 NORTH MAY INVESTORS, LLC, an Illinois limited liability company | ) ) ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| BAJB, LLC, an Illinois limited liability, SANNIKOV STANISLAV, EVGENY BORKIN, UNKNOWN TENANTS, UNKNOWN OCCUPANTS, UNKNOWN OWNERS, and NON-RECORD CLAIMANTS. | ) ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Defendants, | ) ) | Case Nos.   17 CH 16966 |
| (BAJB, LLC, Defendant-Appellant.) _____ | ) ) ) | 18 CH 2380 (cons.) |
| BAJB, LLC, | ) ) ) | Honorable Raymond W. Mitchell, Joel Chupack, |
| Plaintiff-Appellant, | ) ) | Judges Presiding |
| v. | ) ) | |
| OCTAVE CAPITAL, LLC, | ) ) ) | |
| Defendant-Appellee. | ) | |

_____

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Van Tine and Justice McBride concurred in the judgment.

**ORDER**

¶ 1   *Held*: Affirmed in part, dismissed in part. Appeal is moot in part, as property was sold at judicial sale to third party, and plaintiff did not obtain stay of judgment. Court's judgment in favor of defendants was proper.

¶ 2   A man named Stanislav "Steve" Sannikov ("Steve"), ostensibly on behalf of plaintiff BAJB, LLC but actually without BAJB's knowledge, took out a large mortgage on BAJB's property from defendant Octave Capital. Steve later absconded with the money, leaving BAJB unable to repay the mortgage. Octave then foreclosed on BAJB's property.

¶ 3   The trial court summarized the issue best: "BAJB and [] Octave Capital are victims of a fraud. The issue ultimately to be decided is who should bear the loss occasioned by that fraud." The answer was BAJB, the court ruled, because BAJB cloaked Steve with apparent authority to act and thus, as Steve's principal, BAJB was bound by Steve's actions.

¶ 4   BAJB appeals that ruling along with the subsequent orders foreclosing on the fraudulent mortgage. For the following reasons, we dismiss this appeal insofar as it relates to BAJB's attempt to recover the property itself and otherwise affirm the court's orders.

¶ 5   The facts of this case are not in dispute. BAJB is owned and operated by Vladimir Melamed. BAJB owned a few residential buildings, including one at 450 North May Street in Chicago (the "May Street Property"), which it leased to residential tenants. For years, Steve was BAJB's realtor and was also heavily involved in helping BAJB manage its properties.

¶ 6   While working for BAJB, Melamed legitimately executed powers of attorney (POAs) to grant Steve broad authority to act as BAJB's agent in "all real estate matters," including loans. In April 2017, Steve approached Octave, seeking a $370,000 loan secured by the May Street Property. Octave was willing to go forward with the loan but placed it on hold, as Octave's lawyer was concerned about a technical issue with the POA under which Steve was acting. At

trial, Melamed acknowledged that the April POA was valid except for the technical problem identified by Octave's attorney. The loan moved forward, but Octave refused to release the funds until they received an acceptable POA.

¶ 7    In August 2017, Steve presented a June 2017 POA that purported to grant him the authority to take out this loan on behalf of BAJB. On its face, this POA appeared valid. Given the apparently valid POA, Octave followed Steve's instructions and deposited the loan into an account exclusively controlled by Steve. Steve absconded with that money.

¶ 8    As it happens, this was not a one-off fraud. In December 2017, Melamed learned of Steve's fraud when a *different* lender filed an action to foreclose on a May 2017 mortgage Steve had taken out on two of BAJB's properties—including the May Street Property. BAJB and Melamed immediately filed suit to quash the fraudulent mortgages, including the one at issue here. In February 2018, Octave filed suit to foreclose on *its* mortgage on the May Street Property. (This appeal deals exclusively with the Octave mortgage on the May Street Property.)

¶ 9    These suits were consolidated. Relevant here, then, the court had before it BAJB's suit to invalidate the mortgage on the May Street Property and Octave's suit to foreclose on it.

¶ 10    After extensive pre-trial proceedings, in late 2021, the court held a trial involving several days of testimony. In April 2022, the circuit court issued a written order finding that BAJB was liable on the mortgage. The court found that

"[t]he facts at trial established that Melamed had placed [Steve] in a position of trust. [Steve] had assisted BAJB in numerous real estate transactions before the May Street transaction with Octave. BAJB had allowed [Steve] access to its books and records and had conferred managerial authority over [Steve]. And most significantly, BAJB had granted [Steve] multiple POAs conferring broad, unlimited powers. These actions taken

together were sufficient to establish apparent authority in [Steve] to act on behalf of BAJB."

¶ 11    The court also found that Octave acted in good faith in relying on the June 2017 POA. The court recounted evidence that Steve had represented BAJB in a transaction not even a year earlier, in which Octave had engaged in significant due diligence to confirm that Steve had the authority to act on BAJB's behalf. It was this history and due diligence that "informed Octave's due diligence months later in the May Street transaction."

¶ 12    The court concluded that there was a "great weight of evidence that [Steve] functioned as BAJB's agent for years" and "Octave's reliance was in good faith and after considerable due diligence." The court concluded that "[a]s between Octave and BAJB, BAJB was in a far better position to avoid the loss caused by [Steve's] fraud by limiting the authority and access BAJB had granted him over the years."

¶ 13    The court entered an order refusing to quash Octave's mortgage and entering judgment in favor of Octave on its mortgage-foreclosure complaint.

¶ 14    The case then proceeded as a standard foreclosure action. In August 2023, Judge Chupack entered a judgment of foreclosure and sale. In November 2023, the property was sold at judicial auction to non-party Cenote, LLC ("Cenote"). Cenote's bid left a surplus of more than $200,000. Around the time of the sale, Octave assigned its interest to plaintiff 450 North May Investors, LLC ("Investors"). The court allowed the substitution. The court approved the sale on January 25, 2024.

¶ 15    On February 26, 2024, BAJB appealed the court's April 2022 order that validated the mortgage and the subsequent judgments of foreclosure and order approving sale. (The appeal

was timely; the thirtieth day following the order approving sale, February 24, was a Saturday. See 5 ILCS 70/1.11 (West 2022) (weekends excluded from filing deadlines).)

¶ 16    The same day, February 26, BAJB filed in the trial court a motion to waive appeal bond and stay enforcement of the foreclosure judgments. The order denying that motion was not included in the record on appeal. (BAJB included it in its appendix, and the parties agree that the motion was denied on April 29, 2024.) BAJB did not renew its motion for stay in this court.

¶ 17    In May 2024, Investors moved to dismiss this appeal as moot per Illinois Supreme Court Rule 305(k) (eff. July 1, 2017), as a third party (Cenote) had purchased the May Street Property at the judicial auction. BAJB asked that we take the motion to dismiss with the case. On May 22, 2024, a different panel of this court ordered the motion taken with the case.

¶ 18    We begin there, with the motion to dismiss. Rule 305(k) provides that, absent a stay, "the reversal or modification of the judgment does not affect the right, title, or interest of any person who is not a party to the action in or to any real or personal property that is acquired after the judgment becomes final and before the judgment is stayed; nor shall the reversal or modification affect any right of any person who is not a party to the action under or by virtue of any certificate of sale issued pursuant to a sale based on the judgment and before the judgment is stayed." Ill. S. Ct. R. 305(k) (eff. July 1, 2017).

¶ 19    Per Rule 305(k), "[i]t is well established that, in the absence of a stay, when the property that is the subject of an appeal is sold to a third party who is not a party to the litigation or a nominee for a party to the litigation, the appeal is moot." *Deutsche Bank National Trust Co. v. Roman*, 2019 IL App (1st) 171296, ¶ 21. An appeal is moot if "(1) the property passed pursuant to a final judgment; (2) the right, title and interest of the property passed to a person or entity who is not part of the proceeding; and (3) the litigating party failed to perfect stay of judgment

within the time allowed for filing a notice of appeal." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 523-24 (2001).

¶ 20    There is no doubt that these three elements are met. BAJB does not argue otherwise. Instead, BAJB argues that we should hear the appeal because the circuit court erred in entering judgment on a *void* mortgage, and Rule 305(k) does not bar a challenge to a void mortgage.

¶ 21    BAJB relies on *Steinbrecher*, where our supreme court suggested, or at least left open the possibility, that a void *judgment* would preclude the application of Rule 305(k). *Id*. at 530-31. The majority did not reach that question, however, because it found that the judgment there was *voidable*, not void. *Id*. at 530-31.

¶ 22    Regardless, a void *mortgage* is not the same thing as a void *judgment*. A void judgment is one in which the court lacked jurisdiction. *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 27. If the circuit court has both subject-matter and personal jurisdiction over the parties, the order is not void. *Id*.; *Steinbrecher*, 197 Ill. 2d at 531.

¶ 23    Here, BAJB's argument is that the mortgage was void because it was procured by fraud, and the court erred in validating the mortgage. Even if BAJB is correct, the result would simply be that the court, possessing subject-matter and personal jurisdiction, erred in its ruling. But an "an erroneous judgment entered by a court that possesses jurisdiction" is merely *voidable*. *LVNV Funding*, 2015 IL 116129, ¶ 27. And per *Steinbrecher*, 197 Ill. 2d at 530-31, a *voidable* judgment is not enough to avoid application of Rule 305(k).

¶ 24    Imagine were it otherwise. If Rule 305(k) did not apply whenever a trial court with competent jurisdiction committed error, the obvious protection afforded to innocent third-party purchasers under the rule would go out the window. The point of Rule 305(k) is to stop appeals in their tracks when an innocent third party bought the foreclosed property. If all it took to

bypass that protection is to say "the circuit court erred" in some way—which is what every appellant says in every appeal—no appeal would ever be dismissed as moot. Rule 305(k) would be a dead letter.

¶ 25    BAJB also tries to avoid the application of Rule 305(k) by arguing that the circuit court abused its discretion by not allowing a stay. But BAJB did not file a motion for stay in this court. See Ill. S. Ct. R. 305(d) (eff. July 1, 2017) (motions for stay may be made in reviewing court if trial court denied stay or it was impractical to file motion in trial court). The vehicle for obtaining appellate review of a trial court's order on a motion for stay is to file a motion for stay in the reviewing court under Rule 305(d). *Pekin Insurance Co. v. Benson*, 306 Ill. App. 3d 367, 379 (1999) (dismissing appeal seeking review of trial court's stay order; "under Rule 305(d)[,] plaintiff was required to file a motion with this court to obtain appellate review of the court's *** stay order."). We lack jurisdiction to review the trial court's denial of the stay at this stage. *Id.*

¶ 26    One final note on this point. BAJB opens its brief with a diatribe about the circuit court's "abuse of discretion" in not allowing an interlocutory appeal under Illinois Supreme Court Rule 308 (eff. Oct 1, 2019) (allowing interlocutory appeals of "certified questions"). But BAJB did not include any such ruling from the court in its notice of appeal, so we lack jurisdiction to review it. See Ill. S. Ct. R. 303(b)(2) (eff. July 1, 2017) (notice of appeal shall specify judgments appealed); *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 175-76 (2011). Nor did BAJB cite any authority suggesting that the refusal to certify a question is even reviewable, so we would consider the argument forfeited in any event. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 15 (failure to cite authority forfeits issue).

¶ 27    There is no question that the May Street Property was sold to a third party and the requirements of Rule 305(k) are met, and we find no merit to BAJB's attempts to avoid that

conclusion. As such, Rule 305(k) precludes this court from granting any relief as it relates to the return of the May Street Property. We thus dismiss the appeal as moot to the extent that BAJB attacks the foreclosure or sale of the May Street Property or seeks to recover possession of the May Street Property.

¶ 28     That covers nearly the entire appeal, as BAJB's assignments of error ultimately come down to asking this court to overturn the foreclosure and return the property, relief that is barred by Rule 305(k). In the statement of facts, however, BAJB notes that the Rule 305(k) motion to dismiss "did not address relief which can be obtained" on BAJB's behalf, including "entering an order that all proceeds from the underlying sale be provided to [BAJB] to compensate them for the wrongful loss of their property" via a "Power of Attorney that is recognized by the trial court to be a fraudulent document."

¶ 29     It is an interesting point. On its face, at least, Rule 305(k) protects the innocent third-party purchaser's "right, title, or interest" in the property but says nothing about whether a plaintiff could recover the proceeds of the sale from the party that sold it to that third party. But this comment was only mentioned in passing in the statement of facts and was never developed as an argument. This court is " 'not simply a depository into which a party may dump the burden of argument and research.' " *Lake County Grading Co., LLC v. Village of Antioch*, 2014 IL 115805, ¶ 36 (quoting *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises, Inc.*, 2013 IL 115106, ¶ 56). It is not enough that the issue is raised in a passing comment. *Id.*

¶ 30     If pressed, we would assume the only order BAJB could possibly be challenging is the court's April 2022 order finding in favor of Octave and against BAJB on the question of liability. Again, the court found that BAJB cloaked Steve with apparent authority and thus, as Steve's principal, was liable for Steve's conduct. See *Gilbert v. Sycamore Municipal Hospital*, 156 Ill.

2d 511, 524 (1993) ("Where the principal creates the appearance of authority, the principal will not be heard to deny the agency to the prejudice of an innocent party, who has been led to rely upon the appearance of authority in the agent.") (internal quotation marks omitted).

¶ 31    But nowhere in its brief does BAJB challenge the basis of the court's conclusion. BAJB makes arguments relating to the Power of Attorney Act, but the court's ruling was not based on that law; it was based on apparent authority. Indeed, even when there is a problem with a POA, an agent's apparent authority and the third-party's good faith reliance on a POA is enough to protect it. See *Amcore Bank, N.A. v. Hahnaman-Albrecht, Inc.,* 326 Ill. App. 3d 126, 139 (2001) ("If the power of attorney stated that it gave Kristopher the authority to execute guaranties but was invalid for some other reason, plaintiff's good-faith reliance would protect it.")

¶ 32    But since BAJB did not even remotely address the basis of the court's judgment, we need not delve further into the issue, as it is forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *McCann*, 2015 IL App (1st) 141291, ¶ 15.

¶ 33    We dismiss the appeal per Rule 305(k) insofar as BAJB seeks return of the May Street Property. We otherwise affirm the judgment.

¶ 34    Affirmed in part, dismissed in part.