NORMAN SCHALL *et al.*, Plaintiffs-Appellants, *v.* COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellee.

Fourth District   No. 14696

Opinion filed June 15, 1978.

William R. Brandt, W. Loren Thomson, Jerome Mirza, and Robert W. Neirynck, all of Bloomington, for appellants.

Phillips, Phebus, Tummelson & Bryan, of Urbana (Hurshal C. Tummelson, of counsel), for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

The several plaintiffs obtained judgments approximating $198,000 against Stanley Tipsord for injuries received in a multivehicle collision. Stanley was driving a truck owned and insured in the name of his father, Emory. The issue of liability was reviewed in *Schall v. Forrest* (1977), 51

Ill. App. 3d 613, 366 N.E.2d 1111. Defendant has paid the maximum liability ($100,000) upon the policy issued to cover the truck owned and insured by Emory.

Plaintiffs appeal from the judgment of the trial court entered in their garnishment proceeding, which alleged that defendant had two additional policies in which plaintiffs had an interest.

It is stipulated that Della is the wife of Emory and that Stanley is the son of Emory, all of whom resided in the same household upon the day of the collision. It does not specifically appear whether Della is the mother of Stanley.

Defendant issued the following policies: Policy "A" issued to Emory Tipsord insuring a pickup truck owned by him in which Stanley was not a named insured; Policy "B" issued to Della Tipsord insuring a 1967 Ford automobile in which Stanley was not a named insured; and Policy "C" issued to Stanley Tipsord insuring a 1968 Dodge automobile.

The parties stipulated that the automobile of Stanley Tipsord described in Policy "C" was not withdrawn from service, that is, that the truck was not being used as a substitute vehicle. There is no contention that the truck was not available for the regular use of the son, Stanley. *State Farm Mutual Automobile Insurance Co. v. Differding* (1977), 69 Ill. 2d 103, 370 N.E.2d 543.

The trial court found under the evidence that Policy "B" and "C" did not provide insurance coverage in addition to that which was provided by Policy "A", and entered judgment in favor of the garnishee-defendant.

Plaintiffs argue that there is an ambiguity arising by reason of the term "Non-Owned Vehicle" appearing in the policy. In the portion of the policy headed "Persons Insured," the policy provides that with respect to a vehicle the named insured and a resident of his household is deemed a named insured. The section further provides:

"(2) with respect to a Non-Owned Vehicle,

(a) the Named Insured, when operating such vehicle or when such vehicle is operated by an agent or servant of the Named Insured;

(b) Relatives as hereinafter defined, provided the actual use of such vehicle is with the permission of the owner and the use is within the scope of such permission."

We note that the language with respect to a "Non-Owned Vehicle" in its paragraph (b) specifically refers to the definition of "Relative" as thereafter defined.

A portion of the policy entitled "DEFINITIONS UNDER SECTION I" in enlarged and heavier type, immediately follows the portion referring to persons insured and defines 11 words or terms employed in the preceding portions of the policy, including the following:

" 'Named Insured' means the individual or entity named in the

Declarations and if an individual includes his or her spouse, if a resident of the same household.

'Relative' means a resident of the Named Insured's household who is related to the Named Insured by blood, marriage, or adoption, or a person to whom the Named Insured stands in loco parentis.

'Non-Owned Vehicle' means a private passenger automobile or a motor vehicle not owned by, registered in the name of, or furnished or available for the regular use of persons described in paragraph (2) of Persons Insured."

Each of the respective policies states that a "Person Insured" in respect to a vehicle is the "Named Insured," and a resident of his household. Defendant's liability under Policy "A" is not disputed since Stanley was a resident of Emory's household and the maximum on this policy has been paid.

Plaintiffs contend that Policies "B" and "C" are ambiguous as to the use of the term "Non-Owned Vehicle" and since ambiguities in insurance policies are construed in favor of the insured the court should find coverage under all of the policies. It is contended by plaintiffs that the policy is misleading because it speaks of a person insured with respect to a "Non-Owned Vehicle," but subsequently in a definition a "Non-Owned Vehicle" is defined to mean something less than all vehicles that are not owned by the insured. It seems to be the contention that nonowned vehicles must be listed as an exclusion to alert the reader that it did not have the same meaning.

Initially, we note that plaintiffs are not the insured and would not ordinarily be expected to be confused by the terms of the policy. Here, plaintiffs contend that the issue turns upon the expectations of different individual purchaser's insurance policies for the operation of different and identified motor vehicles. We find no reason to conclude that such restricted purchases contemplated an increase of liability coverage of each person by reason of accumulating liability coverage provided by the several policies purchased.

Plaintiffs argue that an insuring agreement is ambiguous when it requires multiple readings to ascertain its meaning. It is apparent that an insurance policy is necessarily a complex instrument dealing with permutations and combinations of persons insured, vehicles insured, and the uses both covered and excluded. It is doubtful that the policy could be simplified by defining each term necessarily employed with regard to each person insured in each provision stated.

Plaintiffs urge that this court should find ambiguity as was done in *Dairyland Insurance Co. v. Ward* (1974), 83 Wash. 2d 353, 517 P.2d 966. The issue was stated to be one of first impression in that the court and its

members strongly disagreed as to whether the decision was contrary to the great weight of authority as developed in other jurisdictions.

We note that the Supreme Court has examined policies of comparable structure in the definition of a nonowned vehicle, and have not found such construction or form of statement to be ambiguous. *State Farm Mutual Automobile Insurance Co. v. Differding* (1977), 69 Ill. 2d 103, 370 N.E.2d 543; *c.f., Econo Lease, Inc. v. Noffsinger* (1976), 63 Ill. 2d 390, 349 N.E.2d 1; *Rodenkirk v. State Farm Mutual Automobile Insurance Co.* (1945), 325 Ill. App. 421, 60 N.E.2d 269; *Schoenknecht v. Prairie State Farmer's Insurance Association* (1960), 27 Ill. App. 2d 83, 169 N.E.2d 148.

The purpose of the clause has been recognized as acceptable as stated:

"The purpose of the 'drive other cars' provision in an automobile liability policy is to cover occasional or incidental use of other cars without the payment of an additional premium, but to exclude the habitual use of other cars, which would increase the risk on the insurer without a corresponding increase in the premium * * *. More specifically, the evident intention of the limitation with respect to other automobiles is to prevent a situation in which the members of one family or household may have two or more automobiles actually or potentially used interchangeably but with only one particular automobile insured."

This purpose was recognized in *Rodenkirk v. State Farm Mutual Automobile Insurance Co.* (1945), 325 Ill. App. 421, 60 N.E.2d 269; *Continental National American Group v. Vaicunas* (1975), 26 Ill. App. 3d 835, 325 N.E.2d 747; *MFA Mutual Insurance Co. v. Harden* (1975), 26 Ill. App. 3d 360, 325 N.E.2d 102.

In the light of such authorities we must conclude that Policy "B" issued upon Della's Ford does not provide liability coverage because Stanley was driving his father's truck, rather than the described vehicle. Policy "C" issued to Stanley upon a 1968 Dodge covers his use of a "Non-Owned Vehicle" but that truck was not a "Non-Owned Vehicle" as specifically defined in the policy obtained by the father, Emory. Thus, there is no coverage under Policy "C." The sum of the provisions of the purchase of Policy "A" was to cover the truck. The plaintiffs have failed to meet the burden of showing other coverage.

The judgment of the trial court is affirmed.

Affirmed.

REARDON, P. J., and CRAVEN, J., concur.