NO. 4-06-0258          Filed 1/19/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) | Appeal from |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Jersey County |
| LORI STUBBAN and SHANNON UFER, | ) | No. 05MR21 |
|     Defendants-Appellants, | ) | |
|     and | ) | Honorable |
| LOREN DALE and SHIRLEY DALE, | ) | Eric S. Pistorius, |
|     Defendants. | ) | Judge Presiding. |

JUSTICE APPLETON delivered the opinion of the court:

Defendants Lori Stubban and Shannon Ufer appeal from the trial court's order granting plaintiff Auto-Owners Insurance Company's (Auto-Owners) motion for summary judgment.  Auto-Owners had filed an action seeking a declaratory judgment that it had no duty to defend its insured, Loren Dale, in a personal-injury action filed by Stubban and Ufer.  Auto-Owners contested coverage because Dale owned the vehicle involved in the accident--a condition which, if true, eliminates Auto-Owners' duty to provide coverage pursuant to the terms of the insurance policy.  We affirm.

I. BACKGROUND

On September 2, 2003, Stubban and Ufer were injured on a four-wheeler (ATV) driven by Dale.  They filed a personal-injury action against Dale in Jersey County (Stubban v. Dale No. 03-L-33 (Cir. Ct. Jersey Co.)).  Dale had in effect at the time of the accident a homeowner's insurance policy issued by Auto-Owners, and he requested that Auto-Owners defend against

Stubban's and Ufer's claims. The policy set forth, in relevant part, that Auto-Owners would "pay damages because of or arising out of the maintenance, use, loading or unloading of only *** a recreational vehicle which is not owned by any insured." Because it was discovered after the accident that the ATV had been stolen from its true owner, Stubban and Ufer claimed Dale did not legally own the ATV and sought to trigger Auto-Owners' duty to provide coverage.

On April 1, 2005, Auto-Owners filed the instant declaratory-judgment action, claiming that its policy did not cover the injuries allegedly sustained by Stubban and Ufer because Dale, in fact, owned the ATV at the time of the accident. In his discovery deposition in the personal-injury case, Dale testified that he owned the ATV at the time of the accident. He said he purchased it in 2000 for $1,500 from a man he did not know, whom he had met in a bar. Dale asked the man for the title, but the man said he had lost it. Dale stored the ATV at his brother's farm in Calhoun County for his family's use. He said he had a suspicion when he purchased the ATV that it may have been stolen due to the low asking price. He estimated the fair-market value at approximately $5,000. Dale's suspicion was confirmed a few months after the accident at the base of this litigation when he was arrested for possession of stolen property.

In the declaratory-judgment action, the parties filed cross-motions for summary judgment. On October 27, 2005, the

trial court granted Auto-Owners' motion and found Dale <u>did</u> own the ATV within the meaning of the insurance policy because he was using it "as if he owned it," and therefore, Auto-Owners was not obligated to defend Dale in the Stubban and Ufer personal-injury action.  This appeal followed.

## II. ANALYSIS

On appeal, Stubban and Ufer claim the trial court erred in finding that Dale owned the ATV (within the meaning of the insurance policy) at the time of the accident.  They rely solely on the fact that Dale did not have legal title to the vehicle.

"Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  [Citation.]  A circuit court's entry of summary judgment is subject to <u>de</u> <u>novo</u> review [citation], and the construction of an insurance policy, which presents a question of law, is likewise reviewed <u>de</u> <u>novo</u> [citation]." <u>Valley Forge Insurance Co. v. Swiderski Electronics, Inc.</u>, 223 Ill. 2d 352, 360, ___ N.E.2d ___, ___ (2006).

"A court's primary objective in construing the language of an insurance policy is to ascertain and give effect to the intentions of the parties as expressed by the language of the policy.  [Citation.]  Like any contract, an insurance policy is to be construed as a whole, giving effect to every provision, if possible, because it must be assumed that

- 3 -

every provision was intended to serve a purpose. [Citation.]" <u>Valley Forge</u>, 223 Ill. 2d at 362-63, ___ N.E.2d at ___.

In their appeal, Stubban and Ufer claim the phrase "not owned," as it appears in the policy, is ambiguous and, thus, the policy "must be interpreted broadly in favor of coverage." The trial court found the phrase, which was not defined in the policy, unambiguous after examining the underlying purpose of the policy provision.

Several Illinois courts have stated the purpose behind similar exclusionary provisions. See <u>Schall v. Country Mutual Insurance Co.</u>, 60 Ill. App. 3d 738, 741, 377 N.E.2d 592, 595 (1978); <u>Continental National American Group v. Vaicunas</u>, 26 Ill. App. 3d 835, 838, 325 N.E.2d 747, 750 (1975); <u>MFA Mutual Insurance Co. v. Harden</u>, 26 Ill. App. 3d 360, 364, 325 N.E.2d 102, 105 (1975); <u>Rodenkirk v. State Farm Mutual Automobile Insurance Co.</u>, 325 Ill. App. 421, 433, 60 N.E.2d 269, 274 (1945). We quote from the <u>Rodenkirk</u> decision, where the court best explained the rationale of a similar provision:

"The exclusion from coverage of other cars owned by the insured as well as cars owned by the members of his household, and the exclusion of cars furnished for regular use to the insured or a member of his household would seem to indicate the intention of the company to protect itself from a situa-

- 4 -

tion where an insured could pay for one policy and be covered by the insurance in driving any car that he decided to use whether owned by him or members of his family, or cars that had been furnished for his regular use; in other words, cars under his control that he could use at will and might use often. Without some such exclusion it is obvious that the company might lose premiums and also that the hazard under the insurance would be increased. It is evident that the purpose on the part of the company in extending the driver's regular insurance without the payment of any additional premiums would apply to the occasional driving of cars other than his own, but would be inapplicable to an automobile furnished to the insured for his regular use." Rodenkirk, 325 Ill. App. at 433, 60 N.E.2d at 274.

Similarly, in the case sub judice, Dale chose not to insure the ATV under the policy at issue; therefore, Auto-Owners did not receive the benefit of a premium paid. Consequently, Auto-Owners would not provide coverage for any ATV that Dale would regularly use or have under his control on a regular basis so as to protect itself from the hazards that would arise from the regular use of an ATV. The purpose of extending coverage to

Dale's use of an ATV applies then only to the occasional or incidental operation of an ATV other than his own. From both Dale's and Auto-Owners' perspective, the purpose of this provision is reasonable. Dale would not be afforded coverage on any ATV that he used as his own without first paying a premium. Likewise, Auto-Owners would not be obligated to provide coverage (without receiving an additional premium) on any ATV unless it is one that was operated on rare occasions.

At the time of the accident, Dale considered himself the owner of the ATV and that ownership had not then been challenged. Dale had purchased it for valuable consideration approximately three years prior to the accident. He and his family used it on his brother's farm as if it were Dale's. As against the world (except for the person who held the legal title), Dale was the owner of the ATV. He had all of the incidents of ownership except documented title. We agree with the trial court that at the time of the accident, the ATV was "owned" by Dale and, based on the policy terms, Auto-Owners was not obligated to provide coverage.

In sum, we find Dale owned the ATV at issue within the meaning of the insurance policy in effect at the time of the accident, thereby relieving Auto-Owners from the duty to defend Dale in Stubban's and Ufer's personal injury lawsuit. We affirm the trial court's order granting summary judgment.

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's

judgment.

Affirmed.

STEIGMANN, P.J., and McCULLOUGH, J., concur.